# COURT OF COMMON PLEAS OF BALTIMORE CITY.

Filed December 19, 1924.

SPAHN
VS.
PENNSYLVANIA RAILROAD AND NORFOLK & WESTERN RAILWAY COMPANY.

*Bernard J. Flynn* for plaintiff.

*W. Ainsworth Parker* for Norfolk & Western Railway.

SYMINGTON, JR., J.—

The Norfolk & Western Railway, defendant, moves for judgment of non pros. because, although it has designated a principal office and resident agent (in Hagerstown, where its tracks lie) as required of foreign corporations by Sec. 93 of Art. 23 of the Code, service was had only upon its commercial agent in Baltimore, and copy of the process was not left at its principal office in Hagerstown, as required, in such case, by Sec. 92 of Art. 23 of the Code.

Plaintiff urges, citing the text book case (217 U. S. 108), among others, that since, under the commerce clause of the Constitution, defendant, being engaged in interstate commerce, cannot be forced to comply with the requirements of Sec. 93, although, as a matter of fact it has complied with all of those requirements, it should not be permitted to enjoy the benefits of the section.

With this contention I can not agree. If the defendant railway, whether compelled to do so or not, has seen fit to comply with our laws regulating the terms on which foreign corporations may exercise their franchises in this State, it would be unreasonable to deprive it of any benefits flowing from such compliance.

Upon the authority of the Georgia Central Railway case (107 Md.), I think it clear that the defendant regularly transacts business in Baltimore, and therefore, if the requirements of Sections 92 and 93 had been observed, might be sued in Baltimore. But were these requirements observed by the plaintiff? I think not. The statute clearly provides that if plaintiff elects to sue in Baltimore he must serve process either on the resident agent in Hagerstown or on the commercial agent in Baltimore, and if he elects, as he did elect, to serve process on the agent in Baltimore, he must leave a copy of the process at the principal office in Hagerstown. This he did not do.

The Supreme Court of the United States takes judicial notice (262 U. S. 312) of the fact that the public has an interest in seeing that the operation of the railroads is not unduly hampered by requiring officers and employees to attend trials at distant points.

The motion for judgment of non pros. will be granted.