## SUPERIOR COURT OF BALTIMORE CITY.

Filed April 27, 1925.

PERKINS
VS.
SEABOARD AIR LINE RAILWAY COMPANY.

*John D. Nock* for plaintiff.
*Watson E. Sherwood* for defendant.

FRANK, J.—

The uncontradicted evidence and admissions of record disclose that:

1. Plaintiff is a resident of Pittsburgh, Pennsylvania.

2. He purchased in the City of Washington, D. C., a ticket for transportation over the line of R. F. & W. R. R. Co. from Washington to Richmond, Va., and then over the road of the defendant.

3. He was injured in an accident occurring in the State of Virginia.

4. The defendant neither owns nor operates any railroad in this State, the nearest points reached by it being Richmond and Petersburg, Va.

5. It is a corporation, incorporated under the laws of the States of Virginia, North Carolina and South Carolina: its legal office is in Petersburg, Va. It maintains important offices and headquarters at Portsmouth, Va.

6. It maintains soliciting freight and passenger offices in Baltimore City.

7. Its president and vice-president and comptroller maintain subsidiary offices in Baltimore City for the convenience of the president, who is also president of the Continental Trust Company of this city. In the office of the vice-president and comptroller are kept certain duplicate (though not original) records for the convenience of the president. In these Baltimore offices certain business of the defendant is conducted.

In the case of Davis vs. Farmers' Co-operative Equity Company, 262 U. S. 312; 67 L. Ed. 996, the Minnesota statute permitting service of process upon an agent maintained by a foreign railroad to solicit business for transportation over its lines in other States, in suits which arise out of transactions in other States in favor of non-residents of Minnesota, was held invalid under the commerce clause of the Federal Constitution. Mr. Justice Brandeis delivering the unanimous opinion of the Court (Mr. Justice Butler not sitting), said (262 U. S. 316; 61 L. Ed. 998): "It may be that a statute like that here assailed would be valid although applied to suits in which the cause of action arose elsewhere, if the transaction out of which it arose had been entered upon within the State or if the plaintiff was when it arose. a resident of the State. These questions are not before us, and we express no opinion upon them. But orderly, effective administration of justice clearly does not require that a foreign carrier shall submit to a suit in a State in which the cause of action did not arise, in which the transaction giving rise to it was not entered upon, in which the carrier neither owns nor operates a railroad, and in which the plaintiff does not reside. The public and the carriers are alike interested in maintaining adequate uninterrupted transportation service at reasonable cost. * * * Avoidance of waste in interstate transportation as well as maintenance of service, has become a direct concern of the public. With these ends the Minnesota statute, as here applied unduly interferes. By requiring from interstate carriers general submission to suit, it unreasonably obstructs, and unduly burdens, interstate commerce."

In the pending case, the attempt is made to bring it about "that a foreign carrier shall submit to a suit in a State in which the cause of action did not arise, in which the transaction giving rise to it was not entered upon, in which the carrier neither owns nor operates a railroad, and in which the plaintiff does not reside."

In the case of Central of Ga. Ry. Co. vs. Eichberg, 107 Md. 363, the plaintiffs were residents of this State and that fact will serve to differentiate that case from the case at bar. Jurisdiction under the statute involved in that case was expressly predicated upon residence in this State. The statute now in force (Sec. 118 of Art. 23, An. Code, 1924), must be so construed as to hold that the defendant corporation was not regularly doing business or regularly exercising any of its franchises in this State under pain of being held invalid as applied to this case, as an unreasonable obstruction and an undue burden upon interstate commerce.

I hold, therefore, that this Court has no jurisdiction over the defendant under the facts as shown in the evidence and that the writ of summons must be quashed as prayed. The conclusion reached by me is in accord with that reached by Judge Stein in class (c) of the cases entitled *In re Motions to Quash in Atlantic Coast Line and Southern Railroad Cases*, Daily Record, September 19, 1924, although the facts in those cases did not require him to go so far as I have gone herein in disregarding the doing of business or exercising of franchises in this State as the criterion of jurisdiction. Moreover, his decision was made in cases affecting carriers of freight and certain other considerations such as the effect of the Carmack Amendment needed to be taken into account. I am, however, greatly strengthened in my conclusions

by his cogent reasoning in his opinion and I refer to this opinion as an exhaustive and convincing exposition of the subject.

Motion to quash writ of summons granted.