DAVIS, DIRECTOR GENERAL OF RAILROADS, AS AGENT, ETC. v. FARMERS CO-OPERATIVE EQUITY COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

No. 270. Argued April 17, 18, 1923.—Decided May 21, 1923.

1. Solicitation of traffic by railroads in States remote from their lines is part of the business of interstate transportation. P. 315.
2. A state statute which provides that any foreign corporation having an agent in the State for the solicitation of freight and passenger traffic over lines outside the State may be served with summons by delivering a copy thereof to such agent, imposes an unreasonable burden on interstate commerce and is void under the

Commerce Clause, as applied to an action brought against a rail-road company which neither owns nor operates a railroad within the State, by a plaintiff who does not and did not reside there, upon a cause of action which arose elsewhere out of a transaction entered into elsewhere. Laws Minnesota, 1913, c. 218. P. 315. *Missouri, Kansas & Texas Ry. Co.* v. *Reynolds,* 255 U. S. 565, and *St. Louis Southwestern Ry. Co.* v. *Alexander,* 227 U. S. 218, distinguished.

3. The Court notices judicially the large volume and importance of litigation against interstate carriers on personal injury and freight claims, and the heavy expense, and impairment of the carriers' efficiency, entailed when the litigation is in jurisdictions remote from where the cause of action arose—also that the burden imposed on such carriers by the Minnesota statute here involved (*supra*) is heavy, and that the resulting obstruction to interstate commerce must be serious. P. 315.

4. Avoidance of waste, in interstate transportation, as well as maintenance of service, has become a direct concern of the public. P. 317.

150 Minn. 534, reversed.

ERROR to a judgment of the Supreme Court of Minnesota affirming a judgment for damages for loss of grain shipped between two points in Kansas.

*Mr. Gardiner Lathrop* and *Mr. Homer W. Davis,* with whom *Mr. Thomas F. Quinn* and *Mr. William T. Faricy* were on the briefs, for plaintiff in error.

*Mr. Morton Barrows,* with whom *Mr. George H. Lamar, Mr. Frederick M. Miner* and *Mr. Walter W. Patterson* were on the brief, for defendant in error.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

A statute of Minnesota (Laws 1913, c. 218, p. 274; General Statutes, 1913, § 7735) provides that:

"Any foreign corporation having an agent in this state for the solicitation of freight and passenger traffic or either thereof over its lines outside of this state, may be served

with summons by delivering a copy thereof to such agent."

Whether this statute, as construed and applied, violates the Federal Constitution is the only question for decision.

The Atchison, Topeka & Santa Fe Railway Company is a Kansas corporation engaged in interstate transportation. It does not own or operate any railroad in Minnesota; but it maintains there an agent for solicitation of traffic. In April, 1920, suit was brought by another Kansas corporation in a court of Minnesota against the Director General of Railroads, as agent, on a cause of action arising under federal control. Service was made pursuant to the Minnesota statute.[1]  The recovery sought was for loss of grain shipped under a bill of lading issued by the carrier in Kansas for transportation over its line from one point in that State to another. So far as appears the transaction was in no way connected with Minnesota or with the soliciting agency located there. Defendant appeared specially; claimed that, as to it, the statute authorizing service violated the due process and equal protection clauses of the Fourteenth Amendment, as well as the commerce clause; and moved to dismiss the suit for want of jurisdiction. The motion was denied. After appropriate proceeding, the trial court entered final judgment for plaintiff; its judgment was affirmed by the Supreme Court of Minnesota, 150 Minn. 534; and the case is here on writ of error under § 237 of the Judicial Code.

---

[1] The alleged cause of action having arisen during federal control, the action was brought pursuant to § 206(a) of Transportation Act 1920, February 28, 1920, c. 91, 41 Stat. 456, 461, against the Director General, as Agent. A contract had been made with the carrier for the conduct of litigation arising out of operation during federal control. Hence, under § 206(b) process could be served upon the agent of the company "if such agent . . is authorized by law to be served with process in proceedings brought against such carrier." The question of the validity of the service is, thus, the same as if suit had been brought against the company on such a cause of action arising after federal control had terminated.

Solicitation of traffic by railroads, in States remote from their lines, is a recognized part of the business of interstate transportation. *McCall* v. *California,* 136 U. S. 104. As construed by the highest court of Minnesota, this statute compels every foreign interstate carrier to submit to suit there as a condition of maintaining a soliciting agent within the State. Jurisdiction is not limited to suits arising out of business transacted within Minnesota. Compare *Mitchell Furniture Co.* v. *Selden Breck Construction Co.,* 257 U. S. 213; *Missouri Pacific R. R. Co.* v. *Clarendon Boat Oar Co.,* 257 U. S. 533; *Chipman, Limited* v. *Thomas B. Jeffery Co.,* 251 U. S. 373. It is asserted, whatever the nature of the cause of action, wherever it may have arisen, and although the plaintiff is not, and never has been, a resident of the State. *Armstrong Co.* v. *New York Central R. R. Co.,* 129 Minn. 104; *Lagergren* v. *Pennsylvania R. R. Co.,* 130 Minn. 35; *Rishmiller* v. *Denver & Rio Grande R. R. Co.,* 134 Minn. 261; *Merchants Elevator Co.* v. *Chesapeake & Ohio Ry. Co.,* 147 Minn. 188; *Callaghan* v. *Union Pacific R. R. Co.,* 148 Minn. 482. This condition imposes upon interstate commerce a serious and unreasonable burden which renders the statute obnoxious to the commerce clause. Compare *Sioux Remedy Co.* v. *Cope,* 235 U. S. 197, 203.

That the claims against interstate carriers for personal injuries and for loss and damage of freight are numerous; that the amounts demanded are large; that in many cases carriers deem it imperative, or advisable, to leave the determination of their liability to the courts; that litigation in States and jurisdictions remote from that in which the cause of action arose entails absence of employees from their customary occupations; and that this impairs efficiency in operation, and causes, directly and indirectly, heavy expense to the carriers; these are matters of common knowledge. Facts, of which we, also, take judicial notice, indicate that the burden upon interstate

carriers imposed specifically by the statute here assailed is a heavy one; and that the resulting obstruction to commerce must be serious.[2] During federal control absences of employees incident to such litigation were found, by the Director General, to interfere so much with the physical operation of the railroads, that he issued General Order No. 18 (and 18A) which required suit to be brought in the county or district where the cause of action arose or where the plaintiff resided at the time it accrued. That order was held reasonable and valid in *Alabama & Vicksburg Ry. Co.* v. *Journey,* 257 U. S. 111. The facts recited in the order, to justify its issue, are of general application, in time of peace as well as of war.

The fact that the business carried on by a corporation is entirely interstate in character does not render the corporation immune from the ordinary process of the courts of a State. *International Harvester Co.* v. *Kentucky,* 234 U. S. 579. The requirements of orderly, effective administration of justice are paramount. In *Kane* v. *New Jersey,* 242 U. S. 160, 167, a statute was sustained which required non-resident owners of motor vehicles to appoint a state official as agent upon whom process might be served in suits arising from their use within the State, because the burden thereby imposed upon interstate commerce was held to be a reasonable requirement for the protection of the public. It may be that a statute like that here assailed would be valid although applied to suits in which the cause of action arose elsewhere, if the transaction out of which it arose had been entered

---

[2] A message, dated February 2, 1923, of the Governor of Minnesota to its Legislature, recites that a recent examination of the calendars of the district courts in 67 of the 87 counties of the State disclosed that in those counties there were then pending 1,028 personal injury cases in which non-resident plaintiffs seek damages aggregating nearly $26,000,000 from foreign railroad corporations which do not operate any line within Minnesota.

upon within the State,[3] or if the plaintiff was, when it arose, a resident of the State.[4]    These questions are not before us; and we express no opinion upon them.    But orderly, effective administration of justice clearly does not require that a foreign carrier shall submit to a suit in a State in which the cause of action did not arise, in which the transaction giving rise to it was not entered upon, in which the carrier neither owns nor operates a railroad, and in which the plaintiff does not reside.    The public and the carriers are alike interested in maintaining adequate, uninterrupted transportation service at reasonable cost.    This common interest is emphasized by Transportation Act, 1920, which authorizes rate increases necessary to ensure to carriers efficiently operated a fair return on property devoted to the public use.    See *Railroad Commission of Wisconsin* v. *Chicago, Burlington & Quincy R. R. Co.,* 257 U. S. 563; *New England Divisions Case,* 261 U. S. 184.    Avoidance of waste, in interstate transportation, as well as maintenance of service, has become a direct concern of the public.    With these ends the Minnesota statute, as here applied, unduly interferes. By requiring from interstate carriers general submission to suit, it unreasonably obstructs, and unduly burdens, interstate commerce.

The case at bar resembles, in its facts, but is not identical with, *Missouri, Kansas & Texas Ry. Co.* v. *Reynolds,* 255 U. S. 565, and *St. Louis Southwestern Ry. Co.* v. *Alexander,* 227 U. S. 218.    In the former, the validity of a similar Massachusetts statute was sustained in a *per*

---

[3] Compare *International Harvester Co.* v. *Kentucky,* 234 U. S. 579; " Jurisdiction over nonresidents doing business within a State", by Austin W. Scott, 32 Harv. Law Rev. 871, 887.

[4] Compare *Blake* v. *McClung,* 172 U. S. 239; *Chambers* v. *Baltimore & Ohio R. R. Co.,* 207 U. S. 142; *Maxwell* v. *Bugbee,* 250 U. S. 525, 537; *Canadian Northern Ry. Co.* v. *Eggen,* 252 U. S. 553; *Kenney* v. *Supreme Lodge,* 252 U. S. 411.

*curiam* opinion. In the latter, jurisdiction was upheld in the absence of a statute concerning solicitation. But in both cases the only constitutional objection asserted was violation of the due process clause. See *Reynolds* v. *Missouri, Kansas & Texas Ry. Co.*, 224 Mass. 379; 228 Mass. 584. Since we hold that the Minnesota statute as construed and applied violates the commerce clause, we have no occasion to consider whether it also violates the Fourteenth Amendment.[5]

*Reversed.*

MR. JUSTICE BUTLER took no part in the consideration or decision of this case.

---

[5] Compare *Green* v. *Chicago, Burlington & Quincy Ry. Co.*, 205 U. S. 530; *Philadelphia & Reading Ry. Co.* v. *McKibbin*, 243 U. S. 264; *Rosenberg Bros. & Co.* v. *Curtis Brown Co.*, 260 U. S. 516; *Bank of America* v. *Whitney Central National Bank*, 261 U. S. 171. Also *Connecticut Mutual Life Insurance Co.* v. *Spratley*, 172 U. S. 602; *Pennsylvania Lumbermen's Mutual Fire Insurance Co.* v. *Meyer*, 197 U. S. 407; *Old Wayne Mutual Life Association* v. *McDonough*, 204 U. S. 8; *Commercial Mutual Accident Co.* v. *Davis*, 213 U. S. 245; *Pennsylvania Fire Insurance Co.* v. *Gold Issue Mining & Milling Co.*, 243 U. S. 93.