DENVER & RIO GRANDE WESTERN RAILROAD CO. ET AL. *v.* TERTE, JUDGE.

No. 130.   Argued November 24, 1931.—Decided January 4, 1932.

Mr. *Thomas Hackney,* with whom Mr. *Cyrus Crane* was on the brief, for petitioners.

Mr. *Clay C. Rogers* for respondent.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

This writ of certiorari to the Supreme Court of Missouri brings up for review a judgment which denied a petition for prohibition without an accompanying opinion.

Following the local practice, the Denver and Rio Grande Western Railroad Company (Rio Grande) and the Atchison, Topeka and Santa Fe Railway Company (Santà Fe) presented their petition directly to the Supreme Court. After setting out the proceedings in an action against them pending in the Jackson County Circuit Court, it alleged that if the cause proceeded to trial an undue burden on interstate commerce would result; also the commerce clause of the Federal Constitution and the Fourteenth Amendment would be violated. It asked that the presiding Judge be restrained from entertaining further jurisdiction.

On August 26, 1930, Curtis, then residing in Missouri, brought the above mentioned action against both the Santa Fe and the Rio Grande under the Federal Em-

ployers' Liability Act. He sought damages for personal injuries said to have resulted from their joint negligence on December 26, 1929, while he was employed by them at an interlocking track and signal plant near Pueblo, Colorado.

A writ of attachment against the Rio Grande was served by garnishee process upon several railroad companies said to be indebted to it. Summonses for both defendants were served upon their agents.

Defendants, appearing specially, moved to quash the attachment and summonses and presented affidavits to support their motions. The plaintiff filed counter-affidavits. It appeared that properly to defend the cause would require attendance of witnesses from Colorado at large expense; also the attendance of some witnesses for the plaintiff who resided in Missouri. The trial court overruled the motions. Thereupon, the defendants petitioned the Supreme Court as above stated.

The Rio Grande, a Delaware corporation, operates lines which lie wholly within Colorado, Utah and New Mexico. It neither owns nor operates any line in Missouri; but it does own and use some property located there. It maintains one or more offices in the State and employs agents who solicit traffic. These agents engage in transactions incident to the procurement, delivery and record of such traffic. It is not licensed to do business in Missouri.

The Santa Fe, a Kansas corporation, owns and operates railroad lines in Missouri, Kansas, Colorado, and other States. It is licensed to do business in Missouri and has an office and agents in Jackson County. These agents transact the business ordinarily connected with the operation of a carrier by railroad.

After being injured at Pueblo, and before instituting his action against the railroad companies, Curtis removed to and became a bona fide resident and citizen of Missouri.

According to the doctrine approved in *Hoffman* v. *Foraker*, 274 U. S, 21, we think the Santa Fe was properly sued in Jackson County. The Supreme Court committed no error of which we can take notice by refusing to prohibit further prosecution of the action against that company. The mere fact that the Santa Fe was named a codefendant with the Rio Grande was not enough to defeat jurisdiction of the court over the former.

Under the rule approved in *Michigan Central R. Co.* v. *Mix*, 278 U. S. 492, the Rio Grande properly claimed exemption from suit in Jackson County. It was not necessary to join the two Railroad Companies in one action. Whatever liability exists is several. The prohibition against burdening interstate commerce cannot be avoided by the simple device of a joint action. Nor can this be evaded merely by attaching the property of the non-resident railroad corporation. Obviously, the burden and expense which the carrier must incur in order to make defense in a State where the accident did not occur has no relation to the nature of the process used to bring it before the court.

The alleged residence in Missouri of persons whose testimony plaintiff supposed would be necessary to prove his claim was not enough to justify retention of jurisdiction by the Circuit Court. While this circumstance might enable plaintiff to try his cause there with less inconvenience than elsewhere, it would not prevent imposition of a serious burden upon interstate commerce. And, we have held, it is the infliction of this burden that deprives the courts of jurisdiction over cases like this. *Davis* v. *Farmers Coöperative Co.*, 262 U. S. 312. Further, as a practical matter, courts could not undertake to ascertain in advance of trial the number and importance of probable witnesses within and without the State and retain

or refuse jurisdiction according to the relative inconvenience of the parties.

The judgment of the Supreme Court must be reversed. The cause will be remanded there for further proceedings not inconsistent with this opinion.

*Reversed.*

MR. JUSTICE STONE took no part in the consideration or decision of this case.