## WOOD v. DELAWARE & H. R. CORPORATION.

### No. 186.

Circuit Court of Appeals, Second Circuit.

Feb. 14, 1933.

Sydney A. Syme, of White Plains, N. Y., for appellant.

H. T. Newcomb, of New York City (Joseph Rosch and J. L. Fitzgerald, both of Albany, N. Y., of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

Section 6 of the Federal Employers' Liability Act (45 USCA § 56) permits an action to be brought in a District Court "in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action."

The defendant is a New York corporation operating a railroad between Wilkesbarre, Pa., and Rouses Point, N. Y. Its principal office and place of business is located at Albany. This fixes its "residence" within the Northern district. Galveston, etc., Ry. Co. v. Gonzales, 151 U. S. 496, 504, 14 S. Ct. 401, 38 L. Ed. 248; Fairbanks Steam Shovel Co. v. Wills, 240 U. S. 642, 648, 36 S. Ct. 466, 60 L. Ed. 841. Within that district also arose the cause of action sued on, for there the plaintiff's intestate resided, was employed

by the defendant, and sustained the injury which resulted in his death. His administratrix and dependents also reside there. Indeed, it is conceded by the appellant that the only basis for bringing the present action in the Southern district rests in the allegation that the defendant is doing business there. The nature of such business raises the question presented by this appeal.

From the affidavits presented for and against the motion to dismiss, it appears that no part of the defendant's line of railroad lies within the Southern district. While its time-table advertises and schedules through train service between the cities of New York and Montreal, these trains are operated by the New York Central Railroad until they reach Albany or Troy; both junction points being outside the Southern district. However, the defendant does have certain offices within New York City, which are designated under its name in the telephone directory as "General Offices, 32 Nassau St., Passenger Department, 33 West 42nd St. and Freight Department, 60 East 42nd St." At the "general offices" was found the defendant's assistant treasurer upon whom the summons and complaint were served in this action. The time-table states that at the other two offices, respectively, representatives of the railroad will furnish information concerning rates, routes, service, etc., of passenger and freight traffic. It also indicates that tickets and Pullman accommodations may be secured at "Consolidated Ticket Offices," but the relation of the defendant to such consolidated offices does not appear. Although the record does not disclose the nature of the business transacted by the defendant at its "general offices" in New York City, its brief admits that it there "maintains certain financial offices and officers." The District Court dismissed the complaint because the cause of action was not in any way connected with any business done at its financial offices, and because of considerations of convenience. The latter considerations were based upon the defendant's assertion by affidavit that a trial in the Southern district will impose an undue burden upon its interstate commerce by requiring it to bring to New York City as witnesses a large number of its employees who work upon its railroad in the Northern district, where the accident occurred and where the action could more conveniently and economically be tried.

■ However appealing such considerations might be if the matter of taking or declining jurisdiction were discretionary, they cannot control if this defendant is "doing business" in the Southern district within the meaning of the statute (45 USCA § 56). Questions of interference with interstate commerce by state statutes which assume to permit a foreign corporation to be sued in a state court upon a cause of action which arose outside the state, such as are discussed in Davis v. Farmers' Co-operative Co., 262 U. S. 312, 43 S. Ct. 556, 67 L. Ed. 996; Michigan Central R. R. Co. v. Mix, 278 U. S. 492, 49 S. Ct. 207, 73 L. Ed. 470, and Denver & R. G. W. R. Co. v. Terte, 284 U. S. 284, 52 S. Ct. 152, 76 L. Ed. 295, and upon which the defendant relies as an analogy, are not relevant here. Nor need we consider whether the doctrine of these cases can have application to a suit brought in a federal court pursuant to section 6 of the Federal Employers' Liability Act (45 USCA § 56), although there is substantial authority that it cannot. Schendel v. McGee, 300 F. 273, 278 (C. C. A. 8); Southern Ry. Co. v. Cochran, 56 F.(2d) 1019, 1020 (C. C. A. 6); Trapp v. Baltimore & O. R. Co., 283 F. 655 (D. C. N. D. Ohio); Connelly v. Central R. R. of N. J., 238 F. 932 (D. C. S. D. N. Y.). In the case at bar, the defendant is a domestic corporation. A domestic corporation must submit to the incidental burden upon its interstate commerce arising from the trial of actions against it, even when the cause of action arose without the state. Hoffman v. Foraker, 274 U. S. 21, 47 S. Ct. 485, 71 L. Ed. 905. See, also, Denver & R. G. W. R. Co. v. Terte, 284 U. S. 284, 287, 52 S. Ct. 152, 76 L. Ed. 295. This furnishes a complete answer to the defendant's claim, unless the doing of business within the district of the forum must be confined to the business of operating therein some part of the line of railroad. In Hoffman v. Foraker, supra, a part of the defendant's line ran through the county in which the suit was brought, a circumstance noticed in Michigan Central v. Mix, 278 U. S. 492, 495, 49 S. Ct. 207, 73 L. Ed. 470. But we do not read the opinion as making this fact a vital element of the decision; nor does it appear in the Terte Case whether or not the rails were located within the county of suit. In our opinion the statutory phrase "doing business" cannot be read in the restricted sense for which the defendant contends, but must be given its ordinary meaning.

■ Usually the question of what is doing business for purposes of suit has arisen in connection with foreign corporations. In Philadelphia & R. Ry. Co. v. McKibbin, 243 U. S. 264, 265, 37 S. Ct. 280, 61 L. Ed. 710, it is said that a foreign corporation is amenable

to process "if it is doing business within the state in such manner and to such extent as to warrant the inference that it is present there." In the same sense the defendant must be "present" in the district where suit is brought under the Federal Employers' Liability Act on the ground that it is there doing business. It must be conceded, however, that such a statement merely changes the term to be defined without making the standard more definite. In Green v. Chicago B. & Q. Ry. Co., 205 U. S. 530, 27 S. Ct. 595, 51 L. Ed. 916, it was held that soliciting traffic through district freight and passenger agents in Philadelphia did not subject to suit there a railway company which had its eastern terminal in Chicago. In International Harvester Co. v. Kentucky, 234 U. S. 579, 586, 34 S. Ct. 944, 58 L. Ed. 1479, the Green Case, though adhered to, was described as "an extreme case," and was differentiated by the fact that the Harvester Company's agents, in addition to soliciting orders, had authority after the orders were filled to receive payment in money, checks, or drafts and to take notes payable at banks in Kentucky. That the rule of the Green Case yields readily to slight additions was said by this court in Hutchinson & Chase v. Gilbert, 45 F.(2d) 139, 141. In the case at bar, the solicitation of traffic by the defendant's agents is very similar to what was held an insufficient doing of business in the Green Case; but here there is more. The defendant also does business of a financial character at a regularly maintained office in the Southern district. The conducting of financial business may of itself be sufficient to make a corporation "present" for purposes of suit. Washington-Virginia Ry. v. Real Estate Trust, 238 U. S. 185, 35 S. Ct. 818, 59 L. Ed. 1262.

On this record the plaintiff has made a prima facie showing that the defendant is subject to suit in the Southern district. This the defendant has not overcome. It has not seen fit to disclose fully the nature and extent of its business here, although it admits that it maintains financial offices and officers in addition to its agents who solicit traffic. If it would maintain that the character of its business is not such as to make it "present" for purposes of suit, it should disclose the facts. They are within its knowledge, not the plaintiff's. Accordingly, the order of dismissal is reversed, and the cause remanded, with leave to the defendant, if so advised, to renew its motion upon filing additional affidavits setting forth fully the nature and extent of its business in the Southern district.