In the Matter of BALTIMORE MAIL STEAMSHIP COMPANY, Appellant, against LEWIS L. FAWCETT, as a Justice of the Supreme Court of the State of New York, et al., Respondents.

(Argued November 18, 1935; decided January 7, 1936.)

*Raymond Parmer* and *Vernon S. Jones* for appellant. The " exercise of discretion " by the Appellate Division is not a bar to this appeal. The Court of Appeals has power to review the question. (*Matter of Reynolds* v. *Cropsey,* 241 N. Y. 389.) The courts of New York have no jurisdiction of the subject-matter of the action. (*Davis* v. *Farmers Co-operative Co.,* 262 U. S. 312; *Atchison, T. & S. F. Ry. Co.* v. *Wells,* 265 U. S. 101; *Michigan Central R. R. Co.* v. *Mix,* 278 U. S. 492; *Denver & Rio Grande Western Ry. Co.* v. *Terte,* 284 U. S. 284; *International Milling Co.* v. *Columbia Co.,* 292 U. S. 511; *Brood en Beschuitfabriek* v. *Aluminum Co.,* 231 App. Div. 693; *Panstswowe Zaklady Graviozne* v. *Automobile Ins. Co.,* 36 Fed. Rep. [2d] 504; *Guerin Mills* v. *Barrett,* 254 N. Y. 380.) Only by an order of prohibition can the appellant be protected from the oppressive and unreasonable burden of trying the case in New York, which the Constitution prohibits (*Denver & Rio Grande Western Ry. Co.* v. *Terte,* 284 U. S. 284.)

*Simone N. Gazan* for respondents. After the court overruled the defendant's motion, it could properly have then sought an order of prohibition to prevent the court from exercising jurisdiction, but having elected to appeal, and such appeal having afforded the defendant a review of the question sought to be raised, the right to prohibition thereby became lost because appeal was an

effective remedy and the defendant could not have both appeal and prohibition. *(Matter of Kohn v. Domestic Relations Court,* 244 App. Div. 829; *Matter of Farley v. Weil,* 63 Misc. Rep. 188; *People ex rel. New York Disposal Corp. v. Freschi,* 173 App. Div. 189.)

LEHMAN, J. Baltimore Mail Steamship Company is a corporation organized under the laws of Maryland. It is engaged solely in interstate and foreign commerce. It operates five steamships for the transportation of passengers, mails and cargo between the ports of Baltimore, Maryland, and Norfolk, Virginia, and between those ports and Havre in France and Hamburg and Bremen in Germany. Michael Madsen was injured while working as a seaman on a steamship operated by Baltimore Mail Steamship Company. At the time of the accident the steamship was lying at a pier at Norfolk, Virginia. Madsen thereafter became a resident of the State of New York and began in this State an action against Baltimore Mail Steamship Company to recover damages caused by the injury suffered on its steamship.

Baltimore Mail Steamship Company moved in the Appellate Division for an order of prohibition against any further proceedings in the action. It claimed that prosecution of the action in this State " will impose an oppressive and unreasonable burden upon the interstate and foreign commerce in which it is engaged, in contravention of Article I, Section 8, of the Constitution of the United States, and that by reason of that fact the courts of the State of New York have not jurisdiction over the subject matter of the action." The motion was denied, and Baltimore Mail Steamship Company now appeals to this court as of right, on the ground that the construction of the Constitution of the United States is directly involved in the proceeding.

At the outset the question arises whether we have any jurisdiction to review the order of the Appellate Division, which recites that the " motion for an order of prohibition

be and the same hereby is denied in the *exercise of discretion.*" We may not review the discretion of the Appellate Division where there is room for the exercise of discretion. We have said in *People ex rel. Cuvillier* v. *Hagarty* (238 N. Y. 621) that " the writ of prohibition does not issue as a matter of right but in the sound discretion of the court " (citing cases), and that the order of the Appellate Division refusing to grant it is not appealable to this court unless the order or the opinion shows that the application was denied as a matter of law and not in the exercise of discretion. Upon an application for a writ or order of prohibition " the sole question to be tried is the power of the inferior court or magistrate to do the particular act in question. * * * It is justified only by ' extreme necessity ' when the grievance cannot ' be redressed by ordinary proceedings at law, or in equity, or by appeal ' " (citing cases). (*People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383, 393, 394.) A decision or order of a court or magistrate acting without jurisdiction is void, and though, until reversed or vacated, it may cause annoyance or even damage, such grievances may, as a general rule, be redressed by the ordinary remedies of appeal, motion to vacate, or habeas corpus proceedings. Such remedies may, it is true, be inconvenient, and, at times, incomplete. The consequences of judicial error are not entirely erased, though the error be subsequently corrected; the consequences of judicial usurpation may be serious and, in part, irremediable by subsequent rebuke. The writ of prohibition was devised to halt a threatened judicial usurpation of jurisdiction before it causes damage. " It is in effect an injunction against a court " (*People ex rel. Livingston* v. *Wyatt, supra*), and upon an application for an order or writ of prohibition, as upon an application for an injunction, there may be room for the exercise by the court of discretion whether to grant the extraordinary remedy which would prevent a threatened wrong, or to withhold its arm at that time and remit a suitor to the less

convenient and less complete remedies provided by the ordinary proceedings at law, or in equity, for redress of such wrong. It is in that sense that " it is often said that the granting or refusing of a writ of prohibition is discretionary, and therefore not the subject of a writ of error " (*Smith* v. *Whitney*, 116 U. S. 167, 173), and it is only in that sense that we have referred to orders denying a writ or order of prohibition as discretionary and not the subject of an appeal to this court. What we have said cannot be applied to cases where the question of jurisdiction is not doubtful, and there is no remedy except prohibition available. Then there is no room for the exercise of discretion, and an order granting or denying the remedy of prohibition is reviewable on appeal. (Cf. *Smith* v. *Whitney, supra; Farquharson* v. *Morgan,* [1894] 1 Q. B. 552; High on Extraordinary Legal Remedies [3d ed.], § 773-a.)

We need not now attempt a general definition of the limits of judicial discretion. Doubtless the cases are rare where there is no element of discretion. At least in those rare cases where a writ or order of prohibition is the only available remedy against invasion of a right guaranteed by law, a refusal to grant that remedy is in effect a denial of the right. The appellant here contends that under the Constitution of the United States the exercise of jurisdiction by the courts of this State in the action brought against it here would violate a right guaranteed by the Constitution of the United States. Since the State itself cannot deny rights guaranteed by the Constitution of the United States, it is evident that the courts of this State must give protection to such a right. Refusal of the only possible means of protection of a constitutional right cannot, then, be justified upon the ground that it was made in the exercise of discretion. It is not within the power of a State to so regulate the jurisdiction of its courts as to prevent the effective assertion of a constitutional right. (Cf. *Kentucky* v. *Powers*, 201 U. S.

1.) At least where an application for an order of pro-
hibition shows conclusively that only by such order can
its clear constitutional rights be protected, the order must
issue as of right, and the recital in an order, denying the
application, that it is made " in the exercise of discre-
tion " is without effect.  For these reasons the order is
appealable to this court.

The general jurisdiction of the courts of this State
extends to transitory causes of action arising in another
jurisdiction, even though the plaintiff may not have been
a resident of this State when the cause of action arose,
and the defendant may be a foreign corporation.  (*Gre-
gonis* v. *Philadelphia & Reading Coal & Iron Co.*, 235
N. Y. 152.)  The general jurisdiction of the courts of a
State is confined to the field from which the State itself is
not excluded under the provisions of the Constitution.
The appellant maintains a bank account in this State for its
convenience in conducting its business of transportation by
sea in interstate and foreign commerce.  Perhaps it solicits
traffic or freight here.  Otherwise it has no property
and engages in no activities here.  Its steamships do not
enter any port in this State or even pass through the
waters along its shores.  Though the appellant is incor-
porated in the State of Maryland and derives its authority
to engage in interstate commerce from the laws of that
State, it " may not be prevented by another State from
coming into its limits " (*Western Union Tel. Co.* v.
*Kansas*, 216 U. S. 1, 27), nor may another State impose
unreasonable or oppressive burdens upon its property
or activities here.

Litigation against carriers " in states and jurisdictions
remote from that in which the cause of action arose entails
absence of employees from their customary occupations;
and [that] this impairs efficiency in operation, and causes,
directly and indirectly, heavy expense to the carriers."
(*Davis* v. *Farmers Co-operative Equity Co.*, 262 U. S. 312,

315, 316, 317.) True, the court pointed out there that " the fact that the business carried on by a corporation is entirely interstate in character does not render the corporation immune from the ordinary process of the courts," even where the result may be some obstruction of its business; but such obstruction should not go further than the reasonable requirements of orderly and effective administration of justice, and it was held that " orderly, effective administration of justice clearly does not require that a foreign carrier shall submit to a suit in a state in which the cause of action did not arise, in which the transaction giving rise to it was not entered upon, * * * in which the plaintiff does not reside," and that the general jurisdiction of a State over transitory causes of action does not include jurisdiction of the subject of such an action brought under those conditions against a foreign corporation, engaged in the business of a carrier in interstate commerce.

In the recent case of *International Milling Co.* v. *Columbia Transportation Co.* (292 U. S. 511) a similar contention was made by a carrier engaged in interstate commerce, and in the opinion of the court by Mr. Justice CARDOZO all the intervening decisions of the Supreme Court have been collated. In all these cases the test has been whether the exercise of jurisdiction by a State court of the subject of a transitory action brought against a foreign corporation engaged in interstate commerce, would impose a serious and unreasonable burden upon interstate commerce. In course of time, by process of inclusion and exclusion, the standard or measure to be applied has become clearer. The group of cases where the exercise of jurisdiction has been denied, and the group where jurisdiction has been sustained, " are clearly marked, and also the reasons for the grouping." (*International Milling Co.* v. *Columbia Transportation Co.*, *supra*, p. 519.)

A repetition of the analysis of the cases there collated would serve no purpose. In none of these cases did the

court base its decision upon any single factor. In the cases where jurisdiction was denied, the cause of action arose in another State, the defendant was an interstate railroad, which had no tracks and did no business other than soliciting traffic in the State where it was sued, and the plaintiff at the time the cause of action arose was not a resident of that State (*Davis* v. *Farmers Co-operative Equity Co.*, 262 U. S. 312; *Atchison, T. & S. F. Ry. Co.* v. *Wells*, 265 U. S. 101; *Michigan Central R. R. Co.* v. *Mix*, 278 U. S. 492, and *Denver & Rio Grande Western R. R. Co.* v. *Terte*, 284 U. S. 284), though in *Michigan Central R. R. Co.* v. *Mix* (*supra*) the plaintiff became a resident before the action was brought. In the cases where the jurisdiction of the State court was sustained there were factors present which dictated the conclusion that orderly and effective administration of justice required the carrier to submit to suit in the State where the action was brought. Thus, in *Missouri ex rel. St. Louis, B. & M. Ry. Co.* v. *Taylor* (266 U. S. 200) the exercise of jurisdiction by the courts of Missouri was sustained where the cause of action was for damages to freight shipped from Texas to Missouri to a consignee resident there, and the negligence of the connecting carrier may have occurred in that State. In *International Milling Co.* v. *Columbia Transportation Co.* (*supra*) the plaintiff, though a Delaware corporation, had its principal place of business in Minnesota where the action was brought, and the defendant, though a Delaware corporation, engaged in interstate commerce by water, was engaged in transportation in Minnesota as much as in other States; and in *Denver & Rio Grande Western R. R. Co.* v. *Terte* (*supra*), though the exercise of jurisdiction was denied to the courts of Missouri in an action for injuries suffered in Colorado brought against a foreign railroad corporation which operated no railroad in Missouri, it was sustained against another defendant, a foreign corporation which had parts of its line in that State.

In the action brought by Madsen against this appellant, no circumstance exists which would justify a conclusion that the defendant may reasonably be compelled to submit to a suit here. The accident occurred in another State; the defendant carries on no activities here except to solicit business for commerce which does not touch this State. The plaintiff was not employed in this State or resident here when the cause of action arose. Thus the exercise of jurisdiction in the negligence action by the courts of this State would be an unreasonable burden upon the business of interstate and foreign commerce conducted by the defendant, which is not warranted by the requirements of " orderly, effective administration of justice."

The question remains whether an application for an order of prohibition is the only proceeding left open to the appellant for the assertion of its rights, and whether a denial of that application is in effect a denial of appellant's constitutional rights. The appellant has previously unsuccessfully challenged the jurisdiction of the courts of this State by motion to dismiss the complaint made after a special appearance for that purpose. That motion was denied, and upon appeal the Appellate Division affirmed the order denying the motion and refused leave to appeal to this court. The decision upon the motion to dismiss the complaint does not preclude the defendant from objecting thereafter on the same grounds to the jurisdiction of the court, even though that decision has not been reversed upon appeal. A court without jurisdiction of the subject-matter of an action can acquire no jurisdiction by erroneous decision that it has jurisdiction. (Cf. *Bank of Jasper* v. *First Nat. Bank*, 258 U. S. 112.) A judgment thereafter rendered by default is void (*Guerin Mills* v. *Barrett*, 254 N. Y. 380), and a defendant may raise and reiterate the objection of want of jurisdiction at any stage. (*Robinson* v. *Oceanic Steam Nav. Co.*, 112 N. Y. 315.) The defendant may even appear

generally and reiterate the objection in the answer. (*Toledo Railways & Light Co.* v. *Hill*, 244 U. S. 49.)

The carrier's grievance here is not that a judgment against it, granted by a court without jurisdiction, would be void and unenforceable under the " due process " clause of the Constitution. (Cf. *Davis* v. *Farmers Co-operative Equity Co., supra.*) If that were all, the ordinary proceedings of motion to vacate the judgment or of appeal from the final judgment, bringing up for review the interlocutory order denying its motion to dismiss, might furnish a remedy, though incomplete, and the Appellate Division might perhaps in the exercise of discretion refuse to decide the question of whether the trial court has jurisdiction until after that court has rendered judgment. The carrier's grievance here is that the defense of a cause of action for negligence in a State remote from the place where the alleged negligence occurred and remote from the place where it carries passengers or goods, constitutes an unreasonable burden upon its business of transportation. It challenges the right of the State to seize its property here and to compel it to defend such an action here. Answer to that challenge cannot be postponed till after trial, for then a belated decision that the courts of the State had no right to compel a carrier to defend an action would furnish no protection to the defendant's constitutional immunity from the burden of such a defense.

By motion to dismiss made in the action brought against it and by appeal from the order of denial, the appellant had exhausted all the ordinary remedies offered by the procedure of this State for the protection of the appellant's constitutional rights. Then only the extraordinary remedy of prohibition remained open. The way was not barred by the adverse decision of the motion made on the same ground. (Cf. *Denver & Rio Grande Western R. R. Co.* v. *Terte, supra.*) The ordinary and extraordinary remedies provided by law for the protection of the

appellant's rights are not based on inconsistent theories; indeed, perhaps, an attempt to invoke the extraordinary remedy of prohibition might have been futile so long as it did not appear that the same relief could not be obtained by the ordinary remedy of motion in the action.

In that case (*Denver & Rio Grande Western R. R. Co.* v. *Terte, supra*) no appeal was taken from the order denying the motion in the action before the defendant applied for a writ of prohibition. Under the practice and procedure of the State of Missouri, where the action was brought, no appeal can be taken from such an interlocutory order in an action until after final judgment. Here, as we have said, an appeal was taken to the Appellate Division and the order was affirmed; leave to appeal was denied by the Appellate Division, and under our practice and procedure no further appeal could then be taken to this court. Now it is urged that even though it has been authoritatively determined that a motion made in an action to vacate the process of the court or to dismiss a complaint does not bar subsequent application for an order of prohibition upon the same grounds, yet that when the motion has been denied, an appeal from the order of denial is inconsistent with and bars a subsequent application for an order of prohibition.

The jurisdiction of the courts of this State rests upon law, both statutory and constitutional. Erroneous decision as to its own jurisdiction of the subject of an action rendered by a court without jurisdiction is, as we have said, entirely void and has no conclusive effect upon the parties to the action, though the court might have jurisdiction of their persons. Here there is no room for distinction between final and interlocutory decisions or between decisions of a trial court and decisions of an appellate court affirming or reversing the trial court. The appellant here is not seeking a second review of the order denying its motion made in the action. It is seeking an extraordinary remedy where the ordinary remedy of appeal has been exhausted.

It is said, however, that after the appellant sought the remedy of appeal, it was bound to pursue that remedy as far as it could before it applied for an order of prohibition. We assume for the purposes of this appeal that the appellant has no absolute right to an order of prohibition unless it has exhausted its remedy by appeal. It has certainly exhausted every remedy by appeal now open to it under the laws of this State, but it is said that it did not seek a review by the Supreme Court of the United States of the order of affirmance of the Appellate Division. The order of the Appellate Division was not final under the procedure of this State, and no decision of the Supreme Court of the United States has been called to our attention which indicates that the order of the Appellate Division would be regarded by the Supreme Court as final for purposes of review. (Cf. *Meagher* v. *Minnesota Thresher Mfg. Co.*, 145 U. S. 608; *Kentucky* v. *Powers*, 201 U. S. 1.) It is difficult to see how the question of whether or not the decision of the Appellate Division was reviewable by the Supreme Court of the United States can affect the powers or discretion of the courts of this State. Such review is for the purpose of correcting an error of the courts of the State in regard to a right, privilege or immunity claimed under the Constitution and laws of the United States. It does not constitute part of the procedure of the courts of this State, and it would be anomalous to hold that the courts of this State are justified in denying to a suitor protection against encroachment by the State upon his rights guaranteed by the Constitution because the suitor has chosen to exhaust the remedies provided by State law before he asks the Supreme Court of the United States to correct an error of the courts of this State. The extraordinary remedy of prohibition may be invoked as of right when other remedies provided by the law of this State are not available or have been unsuccessfully invoked as protection against a threatened invasion by the State of constitutional rights.

The State may not deny such rights, and a suitor claiming such rights here may not be relegated by the State to a Federal court for the protection of such rights.

The order of the Appellate Division should be reversed, with costs in all courts, and the application granted.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.