### BOHN v. NORFOLK & W. RY. CO.

District Court, S. D. New York.

Sept. 7, 1937.

Louis Herman, of New York City, for plaintiff.

Milbank, Tweed, Hope & Webb, of New York City (L. Reyner Samet, of New York City, of counsel), for defendant.

PATTERSON, District Judge.

The motion is to vacate an attachment of the defendant's property.

The action was originally brought in the New York Supreme Court to recover for personal injuries alleged to have been sustained in Virginia. The plaintiff is a resident of New York and was resident here at the time the cause of action arose. The defendant is a Virginia corporation which operates a railroad in interstate commerce; it has no tracks in New York, and it is not doing business here. The plaintiff attached property of the defendant located within the district and caused service of summons to be made on the defendant in Virginia. The defendant then removed the case to this court for diversity of citizenship and made the present motion to vacate the attachment. The attachment is claimed to be void as an unreasonable burden on interstate commerce.

The conditions under which suits against railroads incorporated in other states and engaged in interstate commerce, with no tracks in the state where suit is brought, may impose an unreasonable burden on interstate commerce, were first considered in Davis v. Farmers' Cooperative Co., 262 U. S. 312, 43 S.Ct. 556, 67 L.Ed. 996. There the plaintiff was not a resident of the forum, and neither the cause of action nor the transaction giving rise to it occurred there. It was held that a state statute permitting such a suit put an unreasonable burden on interstate commerce and was repugnant to the commerce clause, Const. art. 1, § 8, cl. 3. The later cases define the limits left open in the Davis Case. In Atchison T. & S. F. R. Co. v. Wells, 265 U.S. 101, 44 S.Ct. 469, 68 L.Ed. 928, the facts were the same, except that suit was begun by attachment of the defendant's property. The attachment was held void. In Michigan Central R. Co. v. Mix, 278 U.S. 492, 49 S.Ct. 207, 73 L.Ed. 470, the cause of action arose in another state, and the plaintiff at the time was resident elsewhere, but before bringing suit removed to the state where suit was brought, evidently for the purpose of bringing suit there. The court held that the suit could not be maintained over the defendant's protest. In Denver & R. T. W. R. Co. v. Terte,

284 U.S. 284, 52 S.Ct. 152, 76 L.Ed. 295, the facts were close to those in the Mix Case. In the Terte Case, however, the plaintiff had become "a bona fide resident and citizen" of the state where suit was brought. The attachment of the defendant's property was held void.

In contrast to these cases there is State of Missouri ex rel. St. Louis B. & M. R. Co. v. Taylor, 266 U.S. 200, 45 S.Ct. 47, 69 L.Ed. 247. There the plaintiff, though a Delaware corporation, had its usual place of business in Missouri where it brought suit. For practical purposes it was a resident of Missouri. The shipment out of which the cause of action arose was one deliverable in Missouri, and for all that appeared the damage might have occurred in Missouri. On these facts it was held that defense of the suit in Missouri would not be an unreasonable burden on interstate commerce. In the latest case, International Milling Co. v. Columbia Transportation Co., 292 U.S. 511, 54 S.Ct. 797, 78 L.Ed. 1396, suit was brought in Minnesota. The cause of action arose elsewhere. The defendant was a carrier by water in interstate commerce, without fixed routes. It carried cargo in Minnesota as much as in other states. The plaintiff was a Delaware company with principal place of business in Minnesota. The court sustained the suit. The local residence of the plaintiff, while not alone enough to "fix the proper forum," was "a fact of high significance." 292 U.S. 511, at pages 519, 520, 54 S.Ct. 797, 799, 78 L.Ed. 1396. That fact, taken with the defendant's practice of using Minnesota waters for transportation, was regarded as enough to take the case out of the Davis rule.

Here the defendant is a foreign corporation, operating a railroad in interstate commerce. It has no tracks in this state. The personal injuries on which suit is based were not inflicted here. The only local incident is that the plaintiff resided here at the time of the injury and at the commencement of action. The case presents the precise situation shown in the Terte Case, supra, with the exception that there the plaintiff did not reside in the state of the forum when he received his injuries; he removed to the forum after having been injured and before bringing suit. This distinction is unimportant. The discussion in the International Milling Case, supra, shows plainly that the single fact of residence in the forum at the time when the cause of action arose and at

the time when suit was commenced, while significant, is not enough of itself to support an attachment in this type of case. There is nothing more than such residence in the present case. It follows that the attachment of the defendant's property should be vacated.

The plaintiff relies on Sherman v. Norfolk & Western R. Co., decided in this district August 1, 1927, not reported. There the accident occurred outside. The plaintiff was a nonresident at the time but before bringing suit had moved to this district to get better medical treatment. The defendant's motion to dismiss was denied. The Sherman Case is worthless as an authority, however, in view of the later decision of the Supreme Court on similar facts in the Terte Case.

The attachment is an unreasonable burden on interstate commerce, and the motion to vacate it will be granted.