### BUTTS v. SOUTHERN PAC. CO.

District Court, S. D. New York.

Jan. 30, 1947.

Gerald F. Finley, of New York City, for plaintiff.

Minor, Waterman & Casto, of New York City, for defendant.

RIFKIND, District Judge.

Two lines of authorities recently developed, have converged to subject the defendant to suit in this district in an action brought by the administratrix of a deceased employee of the defendant, under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., although deceased was a resident of Arizona, the plaintiff is a citizen of Arizona, the death was caused in Arizona and no part of defendant's railroad trackage reaches further east than the Mississippi.

1. Baltimore & Ohio Railroad Co. v. Kepner, 1941, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28, 136 A.L.R. 1222 and Miles v. Illinois Central R. Co., 1942, 315 U.S. 698, 62 S.Ct. 827, 86 L.Ed. 1129, 146 A.L.R. 1104, regardless of their precise holdings, say enough to preclude a district judge, once the statutory criteria of venue are sat-

isfied, from dismissing an action under the Federal Employers' Liability Act on the ground that the action constitutes an unlawful burden upon interstate commerce or on the ground of forum non conveniens.

■ 2. The current development of the doctrine of what constitutes doing business leaves little doubt that defendant is doing business in this district for the purposes of venue under the Act.[1] I recently took note of the new trend in Snyder v. J. G. White Engineering Corp., D.C.S.D.N.Y.1945, 60 F.Supp. 789. Since then, that trend has been confirmed by the Supreme Court. International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 161 A.L.R. 1057.

The net result is probably different from that which would have obtained when the authorities cited by defendant were created. Davis v. Farmers Cooperative Equity Co.,[2] 1923, 262 U.S. 312, 43 S.Ct. 556, 67 L.Ed. 996; Michigan Central R. Co. v. Mix, 1929, 278 U.S. 492, 49 S.Ct. 207, 73 L.Ed. 470; Denver & Rio Grande Western R. Co. v. Terte, 1932, 284 U.S. 284, 52 S.Ct. 152, 76 L.Ed. 295.

Douglas v. New York, New Haven & Hartford R. Co., 1929, 279 U.S. 377, 49 S.Ct. 355, 73 L.Ed. 747, however, is not a case which supports defendant's position for the application of the doctrine of forum non conveniens. That case merely held that a state court, although endowed with jurisdiction to hear an action under the Federal Employers' Liability Act, was not required by the statute to entertain the action if it violated that state's conception of forum non conveniens.

The motion to dismiss the complaint and to set aside the service of a summons on the grounds that the court is without jurisdiction and on the ground that the court in its discretion should refuse to exercise jurisdiction under the doctrine of forum non conveniens is denied.

[1] Defendant maintains an office within this district, wherein are located the vice-president in charge of finance, the controller and the treasurer. Approximately 150 to 200 employees are engaged. It also maintains within the district the office of its "Eastern General Counsel", a freight traffic department, a ticket office, and a passenger traffic department.

[2] This case involved the validity of State action; defendant errs in inferring that the Federal Government is barred from taking action which is forbidden to the states because it burdens interstate commerce. Congress may burden interstate commerce. Miles v. Illinois Central R. Co., supra, 315 U.S. at page 707, 62 S.Ct. 827, 86 L.Ed. 1129, 146 A.L.R. 1104.