**JABLONSKI v. SOUTHERN PAC. CO.**

District Court, S. D. New York.
March 23, 1948.

Nathan Baker, of Hoboken, N. J., for plaintiff.

Minor & Waterman, of New York City (Jeremiah C. Waterman, of New York City, of counsel), for defendant.

MEDINA, District Judge.

Defendant moves to dismiss the complaint upon the ground that the court lacks jurisdiction of the subject matter, for the reason that an assertion of jurisdiction would impose an unreasonable and unnecessary burden upon interstate commerce, in violation of Clause 3 of Section 8, Article I, of the Constitution of the United States. On the argument counsel for defendant stated

that he was not relying upon so much of the motion as was addressed to the doctrine of forum non conveniens.

■ Cases holding that under analogous circumstances motions to quash service of process upon this defendant in this district should be denied do not touch the question now presented; and the same is true of similar determinations in actions based upon the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. Butts v. Southern Pacific Co., D.C., 69 F.Supp. 895; Nunn v. Chicago M., St. P. & Pac. R. Co., D.C., 71 F.Supp. 541. It is well settled that the Congress may impose burdens on interstate commerce, as it has done by providing that actions arising under the Employers' Liability Act may be brought in the district "in which the defendant shall be doing business" at the time of the commencement of the action. Kilpatrick v. Texas & Pacific Railway Co., 2 Cir., 1948, 166 F.2d 788.

■ In this case every circumstance is present, which the courts have emphasized in finding an undue burden on interstate commerce. Plaintiff is a nonresident; the cause of action arose elsewhere; no part of the transaction has any contact with events occurring here; and the defendant railroad does not maintain or operate any part of its railroad system within the district. Upon these facts it is not proper for the court to consider the convenience of the plaintiff and his witnesses. Denver & Rio Grande Western R. Co. v. Terte, 284 U.S. 284, 287, 52 S.Ct. 152, 76 L.Ed. 295; Interstate Commerce—Burdens Imposed on Interstate Commerce—Suit against Foreign Carrier, 45 Harvard Law Rev. 1263, 1264; Conflict of Laws—Jurisdiction over Nonresident Carriers as Limited by Doctrine of Unreasonable Burden on Interstate Commerce, 34 Michigan Law Rev. 979, 983. Nor do the courts attempt an inquiry in each case relative to the number of nonresident witnesses and the estimated expense of producing them at the trial and other related matters, which might in the aggregate produce some mathematical formula which would perhaps disclose the precise nature and extent of the alleged burden on interstate commerce. International Milling Co. v. Columbia Transportation Co., 292 U.S. 511, 521, 54 S.Ct. 797, 78 L.Ed. 1396; Constitutional Law—Jurisdiction—Burden on Interstate Commerce, 34 Columbia Law Rev. 1135, 1136; and authorities cited supra.

■ The mere fact that defendant is doing business in the jurisdiction of the forum is not sufficient. Panstwowe Zaklady Graviozne v. Automobile Insurance Co. of Hartford, D.C., 36 F.2d 504, 506; Matter of Baltimore Mail Steamship Co. v. Fawcett, 269 N.Y. 379, 388, 199 N.E. 628, 104 A.L.R. 1068; cf. Guerin Mills v. Barrett, 254 N.Y. 380, 385, 173 N.E. 553.

Motion granted.

Settle order on notice.