Jennie WHITE, Plaintiff-Appellant,

v.

SOUTHERN PACIFIC COMPANY, a Corporation, Defendant-Respondent.

No. 50486.

Supreme Court of Missouri,

Division No. 2.

Jan. 11, 1965.

---

Lindell R. Church, B. H. Clampett, Springfield, for appellant.

Farrington & Curtis, Jack S. Curtis, Thomas G. Strong, Springfield, for respondent.

BARRETT, Commissioner.

The question for determination upon this appeal is whether, as indicated by the trial court's sustaining the respondent railroad's motion and dismissing the appellant's petition, the maintenance of this particular action in a Missouri court constitutes an undue burden on interstate commerce.

The plaintiff, Jennie White, a resident of Missouri, was a passenger on the Southern Pacific's train on March 4, 1963, when it "left the track" near Northridge, California. To recover $30,000 damages for her resulting injuries Jennie instituted this action in the Circuit Court of Greene County, Missouri. The Southern Pacific Company is a Delaware corporation, has no railroad lines in Missouri, and no representatives in the state other than agents for the solicitation of traffic. The company is not qualified to do business in Missouri and has not consented to the institution of suits and the service of process in this jurisdiction. Since Jennie was a resident of Missouri service of process was had upon the railroad by mail and by attachment, the St. Louis-San Franciso Railway Company, admittedly owing and having in possession a traffic balance of $200,000 due Southern Pacific, was summoned as garnishee.

After process had been thus served Southern Pacific filed a motion to quash the attachment and service of process and to dismiss the action upon the sole ground and assignment that the maintenance of the action and the court's exercise of jurisdiction "would unreasonably obstruct and burden interstate commerce, in violation of the Commerce Clause of the United States Constitution." In support of its motion the railroad filed an affidavit stating that its only contact with Missouri was "the solicitation of freight and passenger traffic business over its lines in other states." As to the plaintiff's suit, these are the facts relied on to show that the maintenance of the action in Greene County would unduly burden interstate commerce: the place of the accident in California is more than 2000 miles distant from Springfield, a proper defense would require the presence in Springfield of 40 witnesses, 29 of whom are railroad employees, that their travel expense would approximate $8000 and living expense would approximate $600 a day, that the absence of employee witnesses would result in a large salary loss to the railroad and would create delays and interruptions in its transportation business.

The plaintiff's counteraffidavit stated that she had been a resident of Missouri "her

entire life" and resided in Greene County at the time of the derailment and the institution of this suit, that as a result of her injuries she was hospitalized in Burge-Protestant Hospital and had been treated for her injuries by two Springfield doctors whose testimony was necessary in her suit.

As stated, upon these pleas and these facts the court quashed the service and dismissed the plaintiff's action.

At the outset and by way of discrimination it is necessary to carefully note some problems that are not involved upon this appeal. The parties do not rely upon and have not briefed and argued the applicability of the discretionary doctrine of forum non conveniens (Elliott v. Johnston, 365 Mo. 881, 292 S.W.2d 589; Annotation 43 A.L.R.2d 774), even though the problem has been discussed in some of the cases dealing with the question of undue burden on interstate commerce. Kilpatrick v. Texas & P. Ry. Co., 5 Cir., 166 F.2d 788, and see particularly Annotation 43 A.L.R.2d 774, "Power of state or state court to decline jurisdiction of action under Federal Employers' Liability Act." Furthermore, in this action the railroad does not challenge the court's jurisdiction of the subject matter, a transitory tort action, and it does not question the validity of the service of process or of the attachment and garnishment, all problems sometimes injected into these cases. Cases related to these matters are conveniently collected in the Annotations 46 A.L.R. 570, 95 A.L.R. 1478 "Foreign transportation company as subject to service of process in state in which it merely solicits interstate or extra-state business;" 96 A.L.R. 366 "Service of process upon actual agent of foreign corporation in action based on transactions out of state," and, finally, annotating a Missouri case relied on by the parties, 85 A.L.R. 1395 "Attachment or garnishment as interference with foreign or interstate commerce." These particular subjects are noted in passing to point up the fact that the single question involved here is whether in the noted circumstances the exercise of jurisdiction and the maintenance of this action is an undue burden on interstate commerce.

■ There is no readily available "verbal formula" for the solution of the problem, each case is considered upon its particular facts, the authoritative guide being the prior decisions of the Supreme Court of the United States. Canadian Pacific Railway Co. v. Sullivan, 1 Cir., 126 F.2d 43, 438. By way of generalization, however, prior decisions have considered the presence and concurrence of certain factors, balancing the relevant interests of the parties, and "if the connection of the forum state with the litigation is too attenuated" the burden on interstate commerce may be unreasonable. "State Court Jurisdiction" 73 Har.L.R. 909, 983–987; Annotation 104 A.L.R. 1075 "Assumption of jurisdiction by court as violation of commerce clause." Some of the factors usually stressed are the residence of the parties, the nature of the defendant's business and the place where conducted, and the place where the injury occurred and the cause of action arose. In connection with the significant factor of the residence of the plaintiff in the forum state, as here, there is the fact that the tort action is transitory and there is the settled state policy of affording, if possible, a forum for its residents. But is it not necessary in the circumstances of this appeal to further consider the factors or to indicate the presence or absence of particularly impressive "local incidents" upon this record.

In connection with the usual criteria it is necessary to note that the cases in the federal courts are in irreconcilable conflict and despite the fact that "a trend is clearly discernible toward expanding the permissible scope of state jurisdiction over foreign corporations and other nonresidents" (McGee v. International Life Ins. Co., 355 U.S. 220, 222, 78 S.Ct. 199, 201, 2 L.Ed.2d 223, 226), the Supreme Court of the United States has not been confronted with an undue burden on interstate commerce case since 1934, International Milling Co. v. Columbia Transportation Co., 292 U.S. 511,

54 S.Ct. 797, 78 L.Ed. 1396. While the cases have not been satisfyingly reconciled they have been rationalized on several occasions, once by a very distinguished district court. In Bohn v. Norfolk & W. Ry. Co., D.C., 22 F.Supp. 481, the cases coming after Davis v. Farmers' Co-Operative Equity Co., 262 U.S. 312, 43 S.Ct. 556, 67 L.Ed. 996, were noted and those denying the exercise of jurisdiction (Atchison, T. & S. F. Ry. Co. v. Wells, 265 U.S. 101, 44 S.Ct. 469, 68 L.Ed. 928, and Denver & R. G. W. R. Co. v. Terte, 284 U.S. 284, 52 S.Ct. 152, 76 L.Ed. 295) were contrasted with those permitting jurisdiction (State ex rel. St. Louis B. & M. R. Co. v. Taylor, 266 U.S. 200, 45 S.Ct. 47, 69 L.Ed. 247, and International Milling Co. v. Columbia Transportation Co., supra), and it was held that the local incident alone of residence was not a sufficiently significant factor in and of itself to support an attachment and jurisdiction in a personal injury action. It is interesting to note that most of the relevant Supreme Court cases arose in Missouri and most of them were written or concurred in by Mr. Justice Brandeis. In addition to the Bohn case, the annotation and the law review article for other rationalizations and conflicting decisions see Western Smelting & Refining Co. v. Pennsylvania Railroad Co., D.C., 81 F.Supp. 494, and Zuber v. Pennsylvania R. Co., D.C., 82 F.Supp. 670.

The usual criteria and cases have been noted in this rather tentative manner to indicate to the parties that their contentions have not been ignored. There has been no attempt at detailed analysis or independent application of rules and doctrine because in 1955 this court in a case in which the respondent Southern Pacific was a party delivered an opinion which, while questioned in at least one respect (28 Mo.L.R. 336, 371–372), governs in principle if not in fact the disposition of this appeal, Hayman v. Southern Pacific Co., Mo., 278 S.W.2d 749. There Hayman, a resident of Missouri, employed as a brakeman by Southern Pacific was injured in California but instituted his suit in Missouri under the Federal Employ-

ers' Liability Act. It is not necessary to further detail the facts in that case, all the cases heretofore noted in this opinion were collected, and it was held that the maintenance of the action in Missouri would constitute an undue burden on interstate commerce. Consequently the judgment here is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

STORCKMAN, P. J., and EAGER, J., concur.

FINCH, J., not participating because not a member of the court when cause was submitted.