CASE 79.—ACTION BY N. P. SCOTT AGAINST THE LOUIS-
VILLE & NASHVILLE RAILROAD COMPANY FOR
DAMAGES IN SHIPPING STOCK.—May 7, 1909.

# L. & N. R. R. Co. v. Scott

Appeal from Henry Circuit Court.

CHARLES C. MARSHALL, Circuit Judge.

Judgment for plaintiff, defendant appeals—Af-
firmed.

1.  Evidence—Judicial Notice—Federal Statutes.—The state
    courts take judicial notice of the public statutes of the United
    States.
2.  Statutes—Pleading Public Statutes.—Under Civ. Code Prac.,
    Sec. 119, providing that neither the evidence relied on by a
    party nor presumptions of law nor facts of which judicial
    notice is taken, excepting private statutes, shall be stated
    in a pleading, it is unnecessary for a plaintiff in an action
    against a common carrier brought under Act Cong.
    June 29, 1906, c. 3591, Sec. 7, 34 Stat. 595 (U. S. Comp. St.
    Supp, 1907, p. 909), known as the "Carmack amendment to
    the interstate commerce act," making a common carrier
    liable for loss of an interstate shipment, to plead such federal
    statute.
3.  Courts—Jurisdiction of State Courts—Interstate Shipments—
    Carmack Act.—The fact that Act. Cong. June 29, 1906, c.
    3591, Sec. 7, 34 Stat. 595 (U. S. Comp. St. Supp. 1907, p. 909),
    known as the "Carmack amendment to the interstate com-
    merce act," making a common carrier liable for damages to
    an interstate shipment, designates the remedies which the
    aggrieved party may have, does not deprive a state court
    of jurisdiction over an action to recover damages to an in-
    terstate shipment of live stock; the statute providing that
    no remedy or right of action which the shipper had under
    the existing law should be taken away by this statute. and,
    if the amount in controversy is less than $2,000, the action
    can not be brought in the United States Circuit Court.
4.  Commerce—Interstate Commerce Commission—Authority and
    Functions.—The Interstate Commerce Commission is not a
    court and cannot try actions for damages to interstate ship-
    ments, but has jurisdiction to hear complaints in regard to
    rates and rebates.
5.  Commerce—Validity of Interstate Commerce Act.—Act Cong.
    June 29, 1906, c. 3591, Sec. 7, 34 Stat. 595 (U. S. Comp. St.
    Supp. 1907, p. 909), known as the "Carmack amendment to

the interstate commerce act," providing that any common carrier receiving property for interstate transportation shall be liable to the holder of the bill of lading for any damage caused by it or any common carrier to which such property may be delivered, and that no contract shall exempt such carrier from the liability imposed, is a valid regulation of interstate commerce, and does not operate to take private property for public purposes.

CHAS. H. MOORMAN for appellant.

BENJAMIN D. WARFIELD of counsel.

STATEMENT OF QUESTIONS INVOLVED AND ERRORS COMPLAINED OF.

The real question involved is: Whether the defendant agreed to transport the shipment in question from Campbellsburg, Kentucky, to Waycross, Georgia, and there deliver it to the consignee, or agreed to transport the shipment only to the terminus of its line and there make delivery to its connecting carrier? The pleadings sharply present this issue:

The errors complained of, and which, we think, make a reversal imperative, are:

1. The sustaining of plaintiff's demurrer to the second paragraph of defendant's answer.

2. The overruling of defendant's motions to peremptorily instruct the jury to find for the defendant, at the conclusion of plaintiff's evidence, and at the conclusion of all the evidence.

3. The giving of instruction X to the jury.

4. The refusal of the court to instruct the jury as set out in instruction marked "1," offered by the defendant.

5. Because the verdict of the jury is not sustained by sufficient evidence, and is flagrantly against the evidence, and is contrary to law.

W. O. JACKSON for appellee.

No brief in the record.

OPINION OF THE COURT BY JUDGE HOBSON.—Affirming.

On March 3, 1907, N. P. Scott delivered to the Louisville & Nashville Railroad Company at Campbellsburg, Ky., a car load of horses and mules to be shipped to Waycross, Ga., and there delivered to him in good order. It was stipulated in the bill of lading that the Louisville & Nashville Railroad Company agreed to transport the stock to the place where it was

received by the next connecting carrier for transportation, and that its liability should cease at its terminus, when the stock was delivered to the carrier who was to take the stock on from that point. The Louisville & Nashville Railroad Company carried the stock to Montgomery, Ala., and there delivered it to the Atlantic Coast Line in good condition. The Atlantic Coast Line carried the stock from Montgomery, Ala., to Waycross, Ga., and there delivered it to the plaintiff; but when delivered seven of the horses and mules were in a bad condition and damaged to the extent of $275.. Scott brought this suit against the Louisville & Nashville Railroad Company to recover the loss, and, a judgment having been entered in his favor in the circuit court, the railroad company appeals.

The case turns on what is known as the "Carmack amendment to the interstate commerce act," which is in these words: "That any common carrier, railroad or transportation company receiving property for transportation from a point in one State to a point in another State shall issue a receipt or bill of lading therefor and shall be liable to the lawful holder thereof for any loss, damage or injury to such property caused by it or by any common carrier, railroad or transportation company to which such property may be delivered, or over whose line or lines such property may pass, and no contract, receipt, rule or regulation shall exempt such common carrier, railroad, or transportation company from the liability hereby imposed; provided, that nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law. That the common carrier, railroad or transportation company issuing such receipt or bill of

lading shall be entitled to recover from the common carrier, railroad or transportation company on whose line the loss, damage or injury shall have been sustained the amount of such loss, damage or injury as it may be required to pay to the owners of such property, as may be evidenced by any receipt, judgment or transcript thereof." Act. Cong. June 29, 1906, c. 3591, Sec. 7, 34 Stat. 595, pt. 1 (U. S. Supp. 1907 p. 909).

It will be observed that by this act the initial carrier which issues the bill of lading for the transportation of property from a point in one State to a point in another State shall be liable to the holder of it for all loss or injury to the property caused by it or any other carrier over whose line the property may pass, and that no contract shall exempt the initial carrier from the liability imposed. As this was a shipment from a point in this State to a point in another State, the act applies to it, and the defendant is liable for the loss if the act is valid. But it is insisted for it that the plaintiff did not in his pleadings show that he relied upon the Carmack amendment, and that therefore he can not recover by reason of it. Section 119 of the Civil Code of Practice provides as follows: "Neither the evidence relied on by a party, nor presumptions of law, nor facts of which judicial notice is taken, excepting private statutes, shall be stated in a pleading." The statute referred to is a public law of the United States, and State courts no less than courts of the United States must take notice of the acts of Congress. In 1 Wharton on Evidence, Section 287, the rule is thus stated: "An ordinance or statute of the United States is not 'foreign,' so far as concerns the particular States. Hence it has been held

that a State court will take judicial notice of the Federal Constitution and its amendments, and of federal public statutes. And it has been held that a State court will recognize without proof State statutes incorporated in acts of Congress. The State courts under this rule take cognizance of federal statutes and the federal courts take cognizance of state statutes." To the same effect, see Greenleaf on Evidence (16th Ed.) Sec. 6b. In Claflin v. Houseman, 93 U. S. 136, 23 L. Ed. 833, the United States Supreme Court said: "The laws of the United States are laws in the several States and just as much binding on the citizens and courts thereof as the State laws are. The United States is not a foreign sovereignty as regards the several States, but is a concurrent, and within its jurisdiction, paramount sovereignty. Every citizen of a State is a subject of two distinct sovereignties, having concurrent jurisdiction in the State—concurrent as to place and persons, though distinct as to subject-matter.. Legal or equitable rights acquired under either system of laws may be enforced in any court of either sovereignty competent to hear and determine such kind of rights, and not restrained by its Constitution in the exercise of such jurisdiction." The acts of Congress within the sphere of its jurisdiction are the law of the land no less than the acts of the State Legislature within the sphere of its jurisdiction, and as the court must take judicial notice of these laws, and as facts, of which it must take judicial notice, by the Code, need not be stated in the pleadings, it was unnecessary for the plaintiff to refer to the United States Statute in his petition. Accordingly, we have uniformly given judgment against carriers where they had in shipping stock from one State to another

failed to water the stock, as required by the act of Congress, without any reference in the pleadings to that act. When the plaintiff states the facts in his pleadings entitling him to recover under the law of which the court must take judicial notice, he has stated a cause of action. The plaintiff here sues for an injury to his property. The defendant relies on the special contract to shield it from liability. The court must take notice that under the act of Congress the special contract is ineffectual to that end and therefore must disregard it in giving judgment.

It is also insisted that the State court is without jurisdiction to render a judgment by reason of the provisions of the act, because it designates the remedies which the aggrieved party may have. We have examined the act with care and do not think it is properly capable of this construction. This is an action by the shipper against the carrier to recover for an injury to his property. There is nothing in the act to deprive the State courts of their jurisdiction in cases of this sort. This is not an action based on a violation of a statute. The action is based on the injury to the property. The defendant relies on the special contract which the statute declares invalid. The rule that, where a statute provides a remedy for its violation, that remedy is exclusive, has no application. To leave no room for doubt on this subject, the following words are inserted in the statute: "Provided, that nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law."

The Interstate Commerce Commission is not a court. It can not try controversies like this between shipper and carrier, and give judgment against the carrier

for the damages sustained. It was not contemplated by the act that the time of the Interstate Commerce Commission should be consumed by such controversies. The commission is given jurisdiction to hear complaints in regard to rates, rebates, and the like, and the language of the statute in reference to complaints to the commission must be construed as relating to those subjects which are within the jurisdiction of the commission. The Circuit Courts of the United States are without jurisdiction in an action where the matter in controversy is less than $2,000, and so this action could not have been brought in the United States Circuit Court, as the amount in controversy is only $275. It was not the purpose of the interstate commerce act to give the United States Courts jurisdiction of cases of this sort where the amount in controversy is less than $2,000. If therefore the State court is without jurisdiction to hear the matter, the plaintiff is without remedy, and manifestly it was not the purpose of the amendment to leave the plaintiff remediless.

Lastly, it is insisted that the case does not fall within the Carmack amendment, and that if it does the act is invalid. The defendant received the property for transportation from a point in this State to a point in Georgia and issued a through bill of lading therefor. This is precisely the case which the amendment was designed to cover. Congress has power to regulate interstate commerce, and if, as has recently been held, it may regulate the relation of master and servant where the master is engaged in interstate commerce, manifestly it may regulate the effect of the contract which the carrier makes with the shipper and provide that certain provisions of the contract

shall be ineffectual. We have in our Constitution a provision that a common carrier shall not make any contract limiting its common law liability. Similar provisions have been made in other States by statute or by the Constitution, and we are not aware that in any case such a provision has been held invalid. The act of Congress is simply a regulation as to the effect to be given such contracts. It is not, in this case at least, a taking of private property for public purposes; for the defendant voluntarily received the property for transportation by it and its connecting lines. What its liability would be if it had refused so to receive the property is a question not presented. The act applies to carriers "receiving property for transportation from a point in one State to a point in another State." A carrier who voluntarily enters into the relation of connecting carrier with another and receives property for through transportation is bound by the act; and whether or not he may, if he so elects, stay out of such relations and only receives property for transportation over his own line is not necessary to be determined here. There is no reason why Congress within its jurisdiction may not establish any such regulations as a State Legislature might establish within its jurisdiction in matters of this sort.

Judgment affirmed.

Petition by appellant for rehearing overruled.