Donahue, J.
An act of congress, in so far as it covers any subject-matter upon which congress has the right to legislate, supersedes the statutes of a state, and, therefore, if the defendant in error was at the time he sustained the injuries described *84 in his petition engaged in interstate commerce, then the federal employers’ liability act of 1908 applies to this case, and the provisions of that act entirely supersede the state statutes in relation to the rights and liabilities of the parties to this suit.
The principal question presented by this record is a question of fact rather than law. It is claimed on the part of the plaintiff in error that the record shows that the defendant in error was employed in handling cars engaged in interstate commerce at the time of his injury. This is disputed by the defendant in error, and the determination of that question is a final solution of this' case.
This issue of fact was not joined by the pleadings. The trial court refused to give in charge to the jury the provisions of the federal employers’ liability act of 1908, but, on the contrary, instructed the jury in accordance with the law of this state.
It appears from the evidence that the plaintiff was in the employ of the defendant as a yard conductor working about its Brier Hill yards at Mosier, Ohio, that his duties were confined to that locality and wholly within the state. These facts being undisputed, the presumption arises that the law of the state in which he was employed and in which the accident occurred and in- the courts of which state this'action is pending, control the rights and liabilities of employer and employe. Where it is claimed by either party to a suit that the laws of another' state or the laws, of the United States apply to the exclusion of the law of the forum, the facts upon which such claim is based must be plead *85 ed, and when denied by answer or reply it becomes an issué of fact for the determination of the jury. If the claim is that the law of another state controls, then the law of that state must be pleaded. Our state courts, however, take judicial notice of the laws of the United States, and, therefore, it is never necessary to plead such laws. L. & N. Rd. Co. v. Scott, 133 Ky., 724.
In the case of St. L., I. M. & S. Ry. Co. v. Hesterly, 98 Ark., 240, it is held, in the second paragraph of the syllabus of that case, that “While it is not necessary to plead a federal statute, yet allegations constituting a cause of action or defense thereunder must be made in order to have the benefit thereof.”
In the case of Brinkmeier v. Mo. Pac. Ry. Co., 81 Kans., 101, at page 104, the court said: “There was nothing in the petition to suggest even remotely that the car the defective equipment of which caused the plaintiff’s injury was so used. Therefore, as decided at the former hearing, the petition stated no cause of action under the federal statute. It is urged, however, that the court should have allowed an amendment. The statute of limitation had barred an action based upon an act of congress before leave to amend was asked. It was then too late for such an amendment.”
In the case of Allen v. Tuscarora Valley Rd. Co., 229 Pa. St., 97, the same doctrine was announced, and it was there held that an amendment to an original pleading by a plaintiff after the statute of limitations had expired, seeking to bring his cause within the operation of the federal statute, *86 introduced a new and different cause of action, subject to the statute of limitations.
In the case of K. C., M. & B. Rd. Co. v. Flippo, 138 Ala., 487, it was held that “it is not necessary for the complainant to set out specially said statute and aver its violation, but it is sufficient if the complaint avers a state of facts which show a failure on the part of the railroad company to comply with the requirements of the statute.”
In the case of Chicago & Erie Rd. Co. v. Hamerick, Admr., 50 Ind. App., 425, it was held that “where a pleader seeks to state a cause of action under the'statute,"facts must be averred which bring the case within the provision of the statute.”
To the same effect is the holding in the case of C., I. & L. Ry. Co. v. Barnes, 164 Ind., 143.
It follows, therefore, that if the plaintiff in error desired to avail itself of the benefit of the federal act, it should have pleaded such facts as would bring the transaction within the operation of that act. It is, of' course, not necessary that it should plead the terms and provisions of the federal act. It is only necessary that it • aver the facts that show that the federal act, and not the state law, applies. This tenders an issue of fact, which if denied by the reply must be determined as any other issue of fact in the case.' If the defendant below should fail to plead facts that would take the transaction out of the law of the forum and bring it within the operation of federal law,’then it could not be'permitted over the objection of plaintiff to introduce any evidence in proof of such facts, because no such issue is^pre *87 sented by the pleadings. If, however, the defendant does not plead facts that, if proven, would bring the transaction within the operation of federal law, yet if the evidence introduced by plaintiff in support of the allegations of his petition shows that he was engaged in interstate commerce, or If the defendant, without objection on the part of plaintiff, introduced evidence of such facts, then it is the duty of the court to charge the provisions of the federal act instead of the provisions of the state statutes, unless there should be a conflict of evidence, in which event an amendment should be permitted and the issue of fact submitted to the jury with proper instructions to apply the state or federal law as the jury may determine the fact to be.
In this case, however, it does noc appear that there is any conflict of evidence, at least no material conflict. If we are correct in the proposition that the presumption obtains that the law of the forum applies to the transaction, then it is necessary in order to overcome this presumption to show that the plaintiff at the time of the injury was actually employed in moving or handling cars engaged in interstate traffic. Notwithstanding his employment may have been entirely local and wholly within the state, yet, if in the course of his service it became his duty to handle or assist in handling cars engaged in interstate commerce, either by taking them out of or putting them into trains, or shifting them about the various parts of the railway yards, he must be held to have been engaged in interstate commerce, while actually so engaged in this service, *88 and the federal laws upon that subject would apply to any transaction occurring while he was actually so employed. There is some evidence in this record that shortly before his injury he was assisting in shifting a car containing interstate traffic en route for Meadville, Pennsylvania, but it also appears that after that service had been performed he had handled a caboose and placed it in “Fitch’s Pocket,” and there is no evidence whatever tending to show that this caboose was engaged in interstate commerce. There is also some evidence tending to show that the next service he would be required to perform would be in relation to cars engaged in interstate commerce, but what he had been doing before the time of the accident or what he might have done shortly thereafter, if the accident had not happened, is not very important in determining this question. The important inquiry is as to what he was doing at the time the accident occurred, and it appears without dispute in this record that he had finished the duties required of him by prior orders of the master, and was at the time of the injury proceeding to the master’s office for further orders and direction as to his service, so that he was not then and there employed in moving or handling cars engaged in interstate commerce. That service had been fully completed and ended, and he had not reengaged in any similar employment, so there is no evidence in this record tending to prove that at the time the accident actually happened this plaintiff was then and there engaged in interstate commerce, and the mere fact that shortly be *89 fore that time he had been so engaged, or that the next service his master would require would be of interstate character, cannot and does not establish the fact that at the time of the injury he was so engaged. The facts in this case having wholly failed to show that plaintiff was engaged in interstate commerce at the time of the accident and injury, the law of the forum applies, and the trial court properly gave in charge to the jury the law of this state.

Judgment affirmed, and cause remanded for execution.

Nichols, C. J., Johnson, Wanamaker and Wilkin, JJ., concur.