## Knight v. Pennsylvania R. R.

Oct. 24, 1939.

Thomas C. Mapother, Sr., for appellant.

Crawford, Middleton, Milner & Seelbach for appellee.

Opinion of the Court by Stanley, Commissioner—
Reversing.

The question is one of jurisdiction. The trial court, deciding the case upon the pleadings, held that the Jefferson circuit court was without jurisdiction. We summarize the pleadings so as to disclose the only features necessary to be considered in solving the problem posed by the appeal of the plaintiff.

The plaintiff sued to recover loss and damage to livestock shipped from points in Virginia to a point in Pennsylvania, the defendant Pennsylvania Railroad Company being only the terminal carrier. He stated that both he and the defendant resided in Jefferson County. The defendant filed a plea to the jurisdiction of the court in which it denied that the plaintiff resided in Jefferson County, and affirmed that he resided in Tennessee. It averred that the shipments were in interstate commerce and were never in Kentucky and none of its agents in Kentucky had anything to do with the transactions; that it is a Pennsylvania corporation and that its operations in Kentucky are in Louisville for terminal purposes and that it engages only in interstate transportation in this state; that in one shipment described in the petition Hamilton was the consignor and Lorah the consignee, and in the other that King was the consignor and Dunlap the consignee, and that in both the Norfolk and Western Railroad Company was the initial carrier, which had issued the bills of lading;

that the alleged cause of action had been assigned to plaintiff by the consignors. It was further averred that claims for loss and damage to freight against interstate carriers and this defendant were numerous and often the amounts large; that these transactions were remote from Jefferson County, Kentucky. It was elaborately pleaded that a trial there would be inconvenient and expensive to the defendant in overcoming the presumptions of liability which the law imposes upon a carrier; that to properly develop this and other like cases would require the testimony of numerous witnesses from various points through which the shipments were carried and would require the absence of employees from their customary positions; that it would impair the efficiency and operation of the railroad and burden interstate commerce. It was further set out that the courts of Virginia and Pennsylvania, the places where the witnesses were engaged in their work and could testify without leaving their customary occupations and traveling great distances, were available to the plaintiff for redress. It was pleaded that under the specified conditions to construe the sections of the Kentucky Civil Code of Practice relating to the venue of actions against common carriers in the several counties so as to vest jurisdiction of the court in this case would violate the commerce and equal protection clauses of the Constitution of the United States (U. S. C. A. Constitution, Article 1, Section 8, Clause 3; Amendment 14).

The court overruled a demurrer to the pleading, and the plaintiff filed a reply in which he denied practically all of its allegations. He affirmatively pleaded the application of the Interstate Commerce Act of Congress making the delivering carrier of a shipment liable for its loss or damage, and specifically relied upon that part of the act relating to the jurisdiction of State courts of actions therefor, which will be presently considered. It was further averred that in Jefferson County, Kentucky, the defendant operates a line of railroad for both freight and passenger trains; owns extensive properties; has both freight and passenger depot and officers; and employs many agents and servants, including a division passenger agent and division freight agent, important officers of the company. It was further averred that the company, a foreign railroad corporation, had complied with the terms of Section 841, of the Kentucky Statutes, relating to domestication within the state for the purpose of operating railroads

herein, and had its principal office and place of business in Jefferson County. The plaintiff alleged that he had taken formal assignments to himself from the consignors named in the bills of lading because they were his agents and he was the owner of the livestock, and because such assignments had been made to meet the requirements of the defendant's freight claim agent, with whom the claims had been filed. It was further stated that the points of origin, transportation and destination are within 24 hours travel of Louisville, that the testimony of all witnesses could be given by deposition, and it was not essential that they should appear in person.

The court sustained a demurrer to this reply to the plea of jurisdiction. The plaintiff suffered the dismissal of his petition by declining to plead further, and brings an appeal.

The demurrer searches the entire record in testing its sufficiency on the question of jurisdiction. For that test we accept as true the allegations of fact against the defendant railroad company, whether they are admitted or denied, and consider its favorable allegations which are not controverted. Those allegations may be thus condensed and arranged. The plaintiff is a resident of Jefferson County, Kentucky, and the consignor and owner of the shipments. The defendant is also a resident of that county where it operates a line of railroad and has division officers. The defendant was the terminal carrier; the transactions were entirely in other states; and the shipments constitute interstate commerce. No agent of the defendant in Kentucky had anything to do with the transactions. There is a mixed allegation of fact and conclusion of law that there would be no inconvenience or expense or detriment such as would burden interstate commerce by trying the case in Jefferson County, Kentucky.

We have held in a case between the same parties, involving similar shipments in interstate commerce wholly outside Kentucky, that for the purpose of jurisdiction the defendant, Pennsylvania Railroad Company, resided in Jefferson County, Kentucky, and was amenable to the processes of the court there. Knight v. Pennsylvania Railroad Company, 264 Ky. 412, 94 S. W. (2d) 1013. The decision was as to jurisdiction of the person. This case concerns the jurisdiction of the subject matter, which was not questioned there. We suppose no one would claim that a suit to recover for loss

and damage to a shipment of freight is not a transitory action, maintainable wherever the defendant may be brought before the court, unless there is something in the way not encountered in the usual case of this kind. As just stated, we hold that the limitations of Sections 73 and 78 of our Civil Code of Practice, are not in the way of the Jefferson Circuit Court taking jurisdiction of the person of the Pennsylvania Railroad Company. There must be some other controlling statute that deprives that court of jurisdiction because of the nature of the subject matter of the case.

The plaintiff's right to maintain this action against the defendant on the allegation that it was only the terminal carrier of the shipments rests wholly upon a Federal statute, namely, the Interstate Commerce Act (U. S. Code, Title 49, Section 20, Par. (11), 49 U. S. C. A., Section 20(11)), which imposes liability for loss or damages to a shipment upon any carrier delivering or undertaking to deliver it in the course of interstate transportation. But for this act of Congress there would be no unity of responsibility of all carriers handling the shipment and the suit could be maintained only against the carrier which committed some breach of duty on its line. Chicago & N. W. R. Co. v. Whitnack Produce Company, 258 U. S. 369, 42 S. Ct. 328, 66 L. Ed. 665; Oregon-Washington R. & Nav. Co. v. McGinn, 258 U. S. 409, 42 S. Ct. 332, 66 L. Ed. 689. Cf. Cincinnati, N. O. & T. P. Railway Company v. Rankin, 153 Ky. 730, 156 S. W. 400, 45 L. R. A., N. S., 529, on petition for rehearing, 154 Ky. 549, 157 S. W. 926. However, the fact that the right of action springs from a Federal statute does not deprive the State court of jurisdiction. It is concurrent with the Federal courts. Louisville & Nashville Railroad Company v. Scott, 133 Ky. 724, 118 S. W. 990, 19 Ann. Cas. 392, affirmed 219 U. S. 209, 31 S. Ct. 171, 55 L. Ed. 183; Galveston, H. & S. A. Railway Company v. Wallace, 223 U. S. 481, 32 S. Ct. 205, 56 L. Ed. 516. It was held in Missouri ex rel. St. L. B. & M. R. Co. v. Taylor, 266 U. S. 200, 45 S. Ct. 47, 48, 69 L. Ed. 247, 42 A. L. R. 1232, that:

"The Federal right is enforceable in a state court whenever its ordinary jurisdiction as prescribed by local laws is appropriate to the occasion and is invoked in conformity with those laws."

The interpretation of the act by the United States Supreme Court is entitled not only to great deference

but to absolute obedience and must therefore control this decision. Forkner v. Louisville & Nashville Railroad Company, 232 Ky. 579, 24 S. W. (2d) 290. Before the amendment of March 4, 1927, the Interstate Commerce Act did not impose this agency liability upon the terminal carrier, but it did upon the initial carrier. That imposition of liability for loss beyond its own line, although enforceable in State courts as well as in the Federal courts, did not enlarge the venue of the action as against a foreign corporation as the initial carrier, nor make it liable to a suit where it was not carrying on business in the sense which had theretofore been held necessary to confer jurisdiction. 9 Am. Jur. Carriers, Section 927; St. L. S. W. R. Co. v. Alexander, 227 U. S. 218, 33 S. Ct. 245, 57 L. Ed. 486, Ann. Cas. 1915B, 77. The decision in the several cases in which the question of jurisdiction of initial carriers under that amendment was considered depended upon their peculiar conditions of fact and local procedure. The amendment imposing a new obligation upon carriers by making the terminal carrier responsible contains a provision not in that part of the act relating to the initial carrier. It is as follows:

> "That all actions brought under and by virtue of this paragraph against the delivering carrier shall be brought, and may be maintained, if in a district court of the United States, only in a district, and if in a State court, only in a State through or into which the defendant carrier operates a line of railroad."

The proviso as to jurisdiction contained in the more recent amendment as quoted, though a restriction, is also a recognition, if not a grant, of jurisdiction of a State court, "through or into which the defendant carrier operates a line of railroad."

Unlike the Carmack amendment (49 U. S. C. A., Section 20 (11, 12)), this provision does deal with venue or jurisdiction of actions against delivering carriers. Therefore, cases wherein the question of jurisdiction over an initial carrier was considered are not altogether applicable, though those presenting a situation where the carrier was engaged in actual transportation in the state, as distinguished from having a mere soliciting agent therein, and where plaintiff was a bona fide resident of the place where the suit was brought, support the view that the Jefferson Circuit Court has jurisdic-

tion in this case. Annotations, 64 A. L. R. 333, "Jurisdiction of State Courts of Action in relation to interstate shipments;" Annotation, 46 A. L. R. 570; 95 A. L. R. 1478, "Foreign railway corporation as subject to service of process in state in which it merely solicits interstate business."

Our attention has not been called to any decision on the issue of jurisdiction of a State court over a terminal carrier involving a suit for loss and damage to an interstate shipment wholly outside the state since the enactment of the amendment making such carrier liable, and our own limited research has discovered none. However, by analogy, the law in this respect has become settled in suits brought under the Federal Employers' Liability Act, U. S. Code, Title 45, Section 51, 45 U. S. C. A., Section 51. That statute provides that an action under it may be brought in either a Federal or State court in the district of the defendant's residence, or in which the cause of action arose, or in which the defendant shall be doing business at the time of the commencement of the action.

In Denver & Rio Grande Western Railroad Company v. Terte, 284 U. S. 284, 52 S. Ct. 152, 76 L. Ed. 295, a suit was brought in Missouri against two railroad companies, allegedly liable to plaintiff for injuries resulting from their joint negligence. One of the companies (the Rio Grande), a Delaware corporation, did not operate a line of railroad in Missouri, though having offices and soliciting agents there. The other (the Santa Fe), a Kansas corporation, was operating lines in Missouri and was licensed to do business there. The plaintiff was a resident of Colorado when injured, but before commencing his action had removed to Missouri and had become a bona fide resident and citizen there. The supreme court drew a distinction as to the right of plaintiff to maintain the action against each company. It held that the suit was maintainable against the Santa Fe, as it operated a railroad in Missouri, but not against the Rio Grande, because it did not have a railroad in that state, was not a necessary party, and that to hold otherwise would, under the circumstances, permit the burdening of interstate commerce.

The case of Miele v. Chicago, M., St. P. & P. Railroad Company, 151 Misc. 137, 270 N. Y. S. 788, involved a suit in New York for loss and damage to merchandise delivered to the defendant in Wisconsin for shipment to

New Jersey. The defendant had no line of railroad in New York but was doing business there through solicitation. The plaintiff, a resident of New York, asserted the claim as the assignee of the consignor, who was a non-resident. Under the authority of Denver & R. G. W. R. Co. v. Terte, supra, and of Davis v. Farmers' Cooperative Equity Company, 262 U. S. 312, 43 S. Ct. 556, 67 L. Ed. 996, and Michigan Central Railroad Company v. Mix, 278 U. S. 492, 49 S. Ct. 207, 73 L. Ed. 470 (in which two latter cases it appeared that the plaintiffs had gone into the states where the suits were brought only for the purpose of the litigation and were not bona fide residents thereof), the court held that there was a failure of jurisdiction in New York, and that a statute of that state, in so far as it authorized the action, was unconstitutional since it permitted interference with interstate commerce by reason of the burden and expense which the carrier must incur in defending the suit. The distinction between that case and this is that the defendant railroad company resides in and operates a line of railroad in Kentucky and the plaintiff is a bona fide citizen of this state, and was the consignor of the shipment involved.

The appellee relies on Reed's Adm'x v. Illinois Central Railroad Company, 182 Ky. 455, 206 S. W. 794. The suit was to enjoin the administratrix from prosecuting an action in Minnesota against the railroad company to recover damages for the death of her husband in Kentucky, which was allegedly caused by the negligence of the company. It was made to appear that the decedent and the widow resided in Kentucky and she had qualified in the local court as administratrix of his estate. Through the solicitation and persuasion of a Minnesota lawyer she had brought the suit for damages in that state. We fully recognized the jurisdiction of the Minnesota court because the railroad company was doing business and had a line of railroad in that state. But the railroad company was a resident of Kentucky by adoption, having complied with Section 841, Kentucky Statutes, and had a line of railroad in Kentucky, even as has the Pennsylvania Railroad Company; appellee herein, and it was subject to the jurisdiction of the Kentucky Courts. Though the opinion recites the unlawful and scandalous conduct of the Minnesota lawyer and other grounds submitted for relief, all of them were put aside "except the single one that the suit was brought in Min-

nesota for the sole purpose of subjecting the company to great and unnecessary expense and inconvenience, and to vexatiously harass and annoy it, and all of this without securing to the administratrix any material benefit.'' Upon that ground alone the administratrix was enjoined from maintaining or in any way assisting in the prosecution of the suit in Minnesota.

That case is not decisive of the instant one. It was confined to the exercise of the very extraordinary power of equity to restrain vexatious litigation where one party is wrongfully harassing the other by imposing an unnecessary burden and securing an unjust advantage. See annotations, 85 A. L. R. 1351; 113 A. L. R. 1444, "Power to enjoin bringing or prosecution of action under Federal Employers' Liability Act in another jurisdiction.'' That remedy has not been sought in the case at bar. If the Reed case has any weight herein, it is that we recognize that a suit brought under the Federal Employers' Liability Act, 45 U. S. C. A., Section 51 et seq., containing in respect to venue and jurisdiction provisions in all respects like those of the Interstate Commerce Act in relation to suits against a terminal carrier for damages to freight, may be maintained in any state where the railroad company operates a line of railroad, even though the cause of action arose outside the state.

Concerning the claim that the acceptance of jurisdiction in this case will impose a burden on interstate commerce, it would seem sufficient to say that as we interpret it the act of Congress itself authorizes the suit in the state. But the appellee emphasizes that all its business in Kentucky is interstate, and to defend the suit would cause great inconvenience and relatively large expense. Even where a suit is against the initial carrier, concerning which there is no specific provision as to venue or jurisdiction as we have pointed out, the authorities hold the matter of convenience or inconvenience of the parties or witnesses is not determinative. 11 Am. Jur., Commerce, Section 122. Nor is the fact the carrier does only an interstate business in the state. The case of American Railway Express Company v. H. Rouw Company, 173 Ark. 810, 294 S. W. 401, is like the one at bar. It was a suit by a resident of Arkansas against a foreign corporation for damages to a shipment from St. Louis, Missouri, to Detroit, Michigan. The defendant contended that to construe the state procedural

laws so as to permit suit in Arkansas would violate the commerce, due process, and equal protection clauses of the Constitution of the United States, and relied upon the cases relied upon by the appellee in this case. Pointing out that the defendant was doing business in Arkansas as a common carrier, the opinion distinguishes them and holds that the Arkansas court had jurisdiction. Of like character is Harris v. American Railway Express Company, 56 App. D. C. 264, 12 F. (2d) 487, 488, certiorari denied 273 U. S. 695, 47 S. Ct. 92, 71 L. Ed. 845, which quotes the following pertinent portion of the International Harvester Company v. Com. of Kentucky, 234 U. S. 589, 34 S. Ct. 947, 58 L. Ed. 1484:

> "True, it has been held time and again that a state cannot burden interstate commerce or pass laws which amount to the regulation of such commerce; but this is a long way from holding that the ordinary process of the courts may not reach corporations carrying on business within the state which is wholly of an interstate commerce character. Such corporations are within the state, receiving the protection of its laws, and may, and often do, have large properties located within the state. * * * We are satisfied that the presence of a corporation within a state necessary to the service of process is shown when it appears that the corporation is there carrying on business in such sense as to manifest its presence within the state, although the business transacted may be entirely interstate in its character. In other words, this fact alone does not render the corporation immune from the ordinary process of the courts of the state."

For the reasons stated, we are of opinion that it was error for the trial court to hold that it had no jurisdiction of the case.

Wherefore the judgment is reversed.