Lester WILLIAMS and Gary
Williams, Appellants,

v.

INDIANA REFRIGERATOR LINES,
INC., Appellee.

Court of Appeals of Kentucky.

Feb. 6, 1981.

R. Lee Steers, Jr., Franklin, for appellants.

Robert S. Koor, Muncie, Samuel R. McCracken, Franklin, for appellee.

Before COOPER, HOWERTON and REYNOLDS, JJ.

COOPER, Judge.

This is an appeal from a judgment dismissing an action for lack of jurisdiction. At issue are the questions of whether the trial court erred in: (1) determining that it lacked jurisdiction over the subject matter; and (2) determining that there was an absence of jurisdiction over the person under KRS 454.210. On review, we reverse and remand.

The facts giving rise to this litigation are as follows: In January of 1978, the appellants, Lester Williams and Gary Williams, entered into a bailment contract with the appellee, Indiana Refrigerator Lines, Inc. Under the terms of the contract, the appellee requested the appellants to trip-lease their refrigerated trailer to the appellee for its use in transporting a load of cargo from Bowling Green, Kentucky, to New York, New York. The appellants agreed to such a request, and delivered their trailer to a place of business of Baltz Brothers Packing Company in Bowling Green. Thereafter, the appellants periodically contacted the appellee to determine both the condition and whereabouts of the trailer.

Subsequent to the transport of the cargo from Bowling Green to New York, the trailer was transported by the appellee to Nashville, Tennessee, a principal place of business for the appellee. Upon learning that the trailer was in Tennessee, the appellants contacted the appellee to determine when it would be returned to them in the condition in which it was leased. This request followed a discovery that the trailer was being used by the appellee for the unauthorized storage of coffee. The appellee informed the appellants the trailer would be returned to them in several days. After a lapse of several days, the appellants determined that the trailer was missing. Thereafter, the appellant, Lester Williams, instituted this action for damages arising out of the breach of the bailment contract.

Contemporaneously with the filing of the action, the appellant served a summons and a copy of the complaint upon the appellee through the Secretary of State. Thereafter, the appellee entered its appearance by counsel, and moved the trial court for an extension of time, within which to file responsive pleadings. Such extension was granted and the appellee filed an answer.

Between the filing of the appellee's answer on January 29, 1979, and November 12, 1979, numerous discovery proceedings were initiated by both parties. In November of 1979, the appellee sought to remove the action to the United States District Court for the Western District of Kentucky. On January 4, 1980, an order was entered by that Court remanding the action to the Simpson Circuit Court. On January 31, the appellant, Lester Williams, filed an amended complaint. Such complaint was in all respects identical to the original complaint setting forth the same substantive allegations, except that the appellant, Gary Williams, was added as a party-plaintiff.

The amended complaint was filed without objection on the appellee's part. The appellee then filed a motion to dismiss the action and to strike the amended complaint alleging, for the first time, the issues of jurisdiction over the subject matter and jurisdiction over the person. Nevertheless, no hearing was scheduled with respect to such motions, and the action was set for trial on June 18, 1980. On March 13, 1980, the appellee filed a motion for summary judgment, asserting its right to judgment as a matter of law. The appellants filed a response, arguing the existence of genuine issues of material fact. At a subsequent hearing on the appellee's motion for summary judgment, the issue of jurisdiction was argued before the trial court. On May 16, 1980, the trial court entered its judgment determining that it lacked jurisdiction over the person of the appellee and that it lacked jurisdiction over the subject matter. It is from this judgment that the appellants now appeal.

■ Initially, the appellants argue that the appellee waived its defense of lack of jurisdiction over the person by its failure to raise such defense in a timely motion under CR 12.02 and by failure to raise such defense in its response to the pleadings. With this we are in agreement. CR 12.02 provides, in part, as follows:

Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading there-

to if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (b) lack of jurisdiction over the person . . .

Additionally, CR 12.08(1) states as follows:

A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (a) if omitted from a motion in the circumstances described in Rule 12.07, or (b) if it is neither made by motion under Rule 12 nor included in a responsive pleading or an amendment thereof permitted by Rule 15.01 to be made as a matter of course.

Here, the appellee failed to assert the defense of lack of jurisdiction over the person in the answer it filed to the original complaint. It appeared generally, rather than specially, therefore giving the trial court jurisdiction over it. See Clay, *Kentucky Practice*, Vol. 6, Rule 12.07 p. 225 (1974). Furthermore, the appellee engaged in extensive discovery proceedings as well as litigating the action on its merits. Consequently, it cannot now argue that the trial court had no jurisdiction over it. See 5 Am.Jur.2d, *Appearance*, § 16, p. 491 (1962); 20 Am.Jur.2d, *Courts*, § 95, p. 456 (1965); *Hudson v. Manning*, 250 Ky. 760, 63 S.W.2d 943 (1933); *Johnson v. Holt's Adm'r*, 235 Ky. 518, 31 S.W.2d 895 (1930).

■ Secondly, the appellants argue that the trial court erred in determining that it lacked jurisdiction over the subject matter. In its judgment the court stated as follows:

This dispute arose as a result of several transactions each of which—and the product storage—occurred in the State of Tennessee. The tortious injury occurred in Tennessee.

Notwithstanding the trial court's holding that a tortious injury occurred within the state of Tennessee, we believe that it incorrectly characterized this action as one in tort rather than in contract. Clearly, the appellants sought damages against the appellee for breach of the bailment contract. Under the terms of the contract, the appellee was obligated to return the appellants'

trailer to Nashville, Tennessee, in the condition in which it was leased to it. It is the appellants' contention that the appellee breached this provision, and therefore is subject to damages. As an action for breach of contract—characterized by the appellants as a transitory action—it was subject to the jurisdiction of the trial court. Once the trial court obtained jurisdiction over the appellee, it obtained jurisdiction over the subject matter as well. *See* 20 Am.Jur.2d, *Courts*, § 126, p. 480 (1965). In effect, an action for breach of contract as a transitory action, is maintainable wherever the court can attain personal jurisdiction over the defendant, absent any consideration of forum non conveniens. *Knight v. Pennsylvania R. R. Co.*, 280 Ky. 191, 132 S.W.2d 950 (1939). The language of the Court in *Knight, supra,* involving the issues of personal and subject matter jurisdiction, is applicable herein. The Court stated, in part, as follows:

We suppose no one would claim that a suit to recover for loss and damage to a shipment of freight is not a transitory action, maintainable wherever the defendant may be brought before the court, unless there is something in the way not encountered in the usual case of this kind. *Id.* at pp. 195–196.

Accordingly, we rule that the trial court erred in determining that it lacked both personal and subject matter jurisdiction.

The judgment of the trial court is reversed and remanded with directions that it assume jurisdiction of the action filed by the appellants.

All concur.