ROSE WEISS and Others, Plaintiffs, *v.* SOUTHERN PACIFIC COMPANY, Defendant.

City Court of New York, Special Term, New York County, January 22, 1940.

*Bennett D. Brown,* for the plaintiffs.

*Burland, Minor & Waterman* [*Jeremiah C. Waterman* of counsel], appearing especially for the defendant.

PARELLA, J. This is a motion under rule 107 of the Rules of Civil Practice to dismiss the action. Defendant, a railroad company, contends that the maintenance of the action constitutes an undue burden upon and obstruction to interstate commerce.

The plaintiffs, mother, infant son, and their husband and father, are residents of the city of New York and were such at the time the

alleged causes of action arose. The plaintiffs, mother and son, purchased round-trip tickets for a trip from New York to California and return. These tickets were purchased at the Pennsylvania Station in the city of New York. They claim that on the return trip from Los Angeles to New York, somewhere in or near the State of California, while passengers on one of defendant's trains, they were assaulted and otherwise molested by defendant's employees — conductors and brakemen. The husband and father sues for loss of services and medical expenses.

The train in which the plaintiffs were riding was being operated in the States of California, Arizona, New Mexico and Texas. The defendant, a corporation organized and existing under the laws of the State of Kentucky, has its principal office in San Francisco, Cal. Its line of railroad is operated in the States of California, Oregon, Nevada, Utah, Arizona, New Mexico and Texas, and the easternmost termini of its lines are at Ogden, Utah, and El Paso, Tex. It has no tracks east of these points and never had any tracks within the State of New York. It has never applied for or obtained a certificate authorizing it to do business within the State of New York. I think, however, that it is doing business within the State of a kind and character sufficient to bring it within the jurisdiction of the courts of this State. In the affidavit of the assistant secretary of the defendant it is said, " In connection with its interstate railroad business defendant has only a few financial officers, employees, traffic solicitors, stock and bond transfer agents and attorneys in the State of New York." I do not believe that it can be seriously questioned that the defendant corporation is physically within the State of New York, so that, if served here, an action can be maintained against it unless there is an unreasonable interference with interstate commerce. I shall, therefore, concern myself only with the question whether this is a case of undue obstruction to interstate commerce.

To recapitulate the facts: (1) Plaintiffs are, and at the time of the accrual of the action were, *bona fide* residents of the State of New York; (2) the defendant, though it has no tracks here, does business within the State of New York and its assistant secretary was served with process here; (3) the alleged causes of action arose out of events which occurred in or near the State of California, while plaintiffs, mother and son, were making use of defendant's railroad tickets which had been sold to them, either by an agent of the defendant or of some other company within the city of New York.

I am willing to assume that it will be expensive, inconvenient and burdensome to defend this action here. The defendant submits that it has at least ten witnesses who reside or work in Cali-

fornia. These include its own employees, a conductor, brakeman, stewardess-nurse, two investigators, a claim agent, and a news agent, all of whom are engaged in the operation of defendant's railroad in interstate commerce. There are also three passengers who witnessed the alleged occurrences and who reside in California.

The question, however, is whether the exercise of jurisdiction by this court, in the circumstances, would be in violation of article 1, section 8, subdivision 3, of the Constitution of the United States. There is, apparently, no reported case which, in the conjunction of circumstances found here, has held that an assumption of jurisdiction is violative of the Federal Constitution.

The decisions of the Supreme Court of the United States were collated in the opinion written for that court by Mr. Justice CARDOZO in the case of *International Milling Co.* v. *Columbia Transportation Co.* (292 U. S. 511). As pointed out by Judge LEHMAN in *Matter of Baltimore Mail S. S. Co.* v. *Fawcett* (269 N. Y. 379, 386, 387): " In none of these cases did the court base its decision upon any single factor. In the cases where jurisdiction was denied, the cause of action arose in another State, the defendant was an interstate railroad, which had no tracks and did no business other than soliciting traffic in the State where it was sued, and the plaintiff at the time the cause of action arose was not a resident of that State (*Davis* v. *Farmers Co-operative Equity Co.*, 262 U. S. 312; *Atchison, T. & S. F. Ry. Co.* v. *Wells*, 265 U. S. 101; *Michigan Central R. R. Co.* v. *Mix*, 278 U. S. 492, and *Denver & Rio Grande Western R. R. Co.* v. *Terte*, 284 U. S. 284), though in *Michigan Central R. R. Co.* v. *Mix* (*supra*) the plaintiff became a resident before the action was brought."

The outermost limit of the principle that jurisdiction should be refused because of interference with interstate commerce was reached in *Bohn* v. *Norfolk & Western R. Co.* (22 F. Supp. 481). There Judge PATTERSON, now a member of the Circuit Court of Appeals for the Second Circuit, held that a *bona fide* resident of the State of New York at the time the cause of action arose and when it was brought could not maintain his action in New York against a Virginia corporation operating a railroad in interstate commerce but having no tracks in New York and not doing business here. The cause of action arose without the State of New York. Jurisdiction was obtained by attachment and service of the summons was made on the defendant in Virginia. In that case, I believe for the first time, one who was a *bona fide* resident at the time of the accrual of the action, was barred from maintaining an action in the State of his residence, though the court had acquired jurisdiction, albeit *in rem* only, by attachment of the defendant's property.

The distinction between *Bohn* v. *Norfolk & Western R. Co.* (*supra*) and the case at bar is that the defendant in this case does business here and jurisdiction was obtained by personal service of an officer of the defendant within the city of New York. There is also the further fact that the round trip tickets under which plaintiffs were being transported from California to New York were sold to plaintiffs in New York. In the *Bohn* case (*supra*), as Judge PATTERSON said, " The only local incident is that the plaintiff resided here at the time of the injury and at the commencement of action."

The local residence of the plaintiffs cannot be passed over lightly. It is, as pointed out in *International Milling Co.* v. *Columbia Transportation Co.* (*supra*, p. 520), " a fact of high significance." This statement of Mr. Justice CARDOZO is quoted by Judge PATTERSON in *Bohn* v. *Norfolk & Western R. Co.* (*supra*).

Against the difficulties imposed upon defendant by this suit must be weighed the unreasonableness of remitting these plaintiffs to a suit in a State in which they do not reside and did not reside when they became passengers of the defendant. It is not every burden upon interstate commerce that is forbidden by the Federal Constitution. Rather, the rule of policy is that interstate commerce should not be burdened beyond the reasonable requirements of " orderly, effective administration of justice." (Cf. *Davis* v. *Farmers Co-operative Equity Co.*, 262 U. S. 312, 316, 317.)

I have come to the conclusion that, although it is undoubtedly burdensome to the defendant to have to defend this action here, there is no unreasonable or unnecessary obstruction to interstate commerce.

The motion is denied.

Order signed.