## NUNN v. CHICAGO, M., ST. P. & PAC. R. CO.

District Court, S. D. New York.

April 30, 1947.

Gerald F. Finley, of New York City (Gerald F. Finley and Arnold B. Elkind, both of New York City, of counsel), for plaintiff.

Edward T. Welch, of New York City (M. L. Bluhm, of Chicago, Ill., and Edward T. Welch, of New York City, of counsel), for defendant.

GODDARD, District Judge.

This is a motion for an order dismissing the complaint on the ground that, 1–the Federal Employers' Liability Act, 45 U.S. C.A. § 51 et seq., does not permit the bringing of this action in this court; 2–that the application of the doctrine of forum non conveniens necessitates a dismissal; 3– that the plaintiff entered into an agreement for a valuable consideration whereby he

agreed to bring his suit only in the courts which sit within the state in which he was injured or wherein he resided at the time his injuries were sustained.

The plaintiff's action is brought under the Federal Employers' Liability Act. He is a resident of Iowa and he was injured at Clive, Iowa, while in the employ of defendant as a locomotive engineer.

Defendant is a railroad corporation, organized under the laws of the State of Wisconsin and operates lines in twelve other western states, the nearest to New York being the State of Indiana. Defendant operates no trains, owns no tracks and engages in no transportation in the State of New York, and is not authorized to do business in New York.

The defendant does maintain a Fiscal Office in New York City to handle the payment of interests on bonds, registration of bonds and other corporate security transactions normally incidental to the business of such a corporation. It maintains bank accounts here. It also maintains freight and passenger offices in New York for the solicitation of both passenger and freight traffic. It has more than thirty employees in the Southern District of New York, including a General Agent, Passenger Department, Traveling Passenger Agent, City Passenger Agent, Passenger Agent, District Freight Traffic Manager, Export and Import Agent and Traveling Freight Agents. There are also various officers of the defendant corporation present here, including Vice-President, Assistant Secretary and Assistant Treasurer, and a listing of defendant's President at its main office here in New York.

■ One of the questions raised on this motion is whether these facts warrant a holding that the defendant is "doing business" here as is required by the venue section of the Employers' Liability Act, 45 U.S.C.A. § 56. First, as to the defendant's contention in respect to the application of the doctrine of forum non conveniens.

In Butts v. Southern Pacific Co., D.C., 69 F.Supp. 895, the administrator and plaintiff's intestate were residents of the State of Arizona; the defendant was a railroad corporation organized under the laws of the State of Kentucky. No part of its tracks were east of Mississippi and it was not authorized to do business in the State of New York. The accident out of which the claims arose occurred in Arizona. The action, as in the case at bar, was based upon the Federal Employers' Liability Act. A motion to dismiss on the ground that the action constituted an unlawful burden on interstate commerce and on the ground of forum non conveniens was denied.

I agree that in the light of the views expressed by the Supreme Court in Baltimore & Ohio R. Co. v. Kepner, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28, 136 A.L.R. 1222, Miles et al. v. Illinois Central Railroad Co., 315 U.S. 698, 62 S.Ct. 827, 86 L.Ed. 1129, 146 A.L.R. 1104, and Gulf Oil Corporation v. Gilbert, 67 S.Ct. 839, it would be error to dismiss an action brought under the Federal Employers' Liability Act on the ground that the action constitutes an unlawful burden on interstate commerce or on the ground of forum non conveniens, if the statutory requirements of venue are satisfied.

■ In Butts v. Southern Pacific Co. defendant also contended that it was not "doing business" here as that phase of the venue section has been judicially interpreted. The facts were that defendant maintained an office within this district wherein were located the vice-president in charge of finance, the controller and treasurer, approximately 150 to 200 employees, the district office of its "Eastern General Counsel", a freight traffic department, a ticket office and a passenger traffic department. Judge Rifkind denied a motion to dismiss and said that the current development of the doctrine of what constitutes doing business [citing cases] leaves little doubt that the defendant is doing business in this district for the purposes of venue under the Act.

The factors in the case at bar respecting the defendant's doing business in this district are substantially more intensive as well as extensive than those in Butts v. Southern Pacific Co.

The defendant's motion on these grounds is accordingly denied.

■ The defendant's final contention is that the plaintiff is foreclosed from bringing his suit here by virtue of an agreement

he entered into with the defendant. The agreement was alleged to have been entered into at the time the defendant made certain advances to the plaintiff after his injury; and in consideration for the advance plaintiff agreed to bring his suit in case a settlement could not be agreed upon, only in courts within the state where he was injured or wherein he resided at the time his injuries were sustained. The plaintiff's affidavit states that his signature to the agreement was obtained through fraud, duress and undue influence and by false and fraudulent representations of the defendant's claim agent. The defendant's affidavit by the claim agent denies that there was any fraud, misrepresentation or the like and that the plaintiff entered into the agreement willingly and well knowing its contents and effect.

Assuming that the agreement was freely and voluntarily entered into, there is some question whether the Federal Employers' Liability Act permits such an agreement. However, this motion is in the nature of a summary judgment and since a substantial issue of fact is raised, the motion must be denied at this time. Tague v. Delaware, L. & W. R. R. Co., D.C., 5 F.R.D. 323.

Defendant's motion to dismiss the complaint is denied.

Settle order on notice.