## O'CONNOR v. YARDLEY GOLF CLUB.
### Civ. A. No. 6743.

District Court, E. D. Pennsylvania.
July 21, 1947.

Edward A. Kallick, Asst. U. S. Atty. and Gerald A. Gleeson, U. S. Atty., both of Philadelphia. Pa., for plaintiff.

Leo T. Connor, of Philadelphia, Pa., and George A. Cella, of Trenton, N. J., for defendant.

GANEY, District Judge.

This is a motion by the defendant to transfer to the appropriate District Court of New Jersey an action brought pursuant to Section 8 of the Selective Training and Service Act of 1940 [1] by a veteran of World War II, who has been honorably discharged from the armed forces of the United States, to require the defendant (1) to restore him to his former position of employment which he had immediately prior to his enlistment in the service, and (2) to compensate him for loss of monies suffered by reason of its unlawful action. This court has venue by virtue of Section 8(e) of the Act, 50 U.S.C.A.Appendix, § 308(e).

The plaintiff is a resident of Trenton, New Jersey, and a citizen of that State. The defendant is a Pennsylvania corporation with its place of business in the Eastern District of that State, the district of this court.

The reasons given by the defendant for its motion is that this is not a convenient forum because the plaintiff and the members of the defendant corporation reside in the area of Trenton, New Jersey; that the defendant will be prejudiced in the presentation of a defense to the action because the "many" witnesses necessary for a proper and adequate defense are not within the jurisdiction of this court and their presence here cannot be obtained against their will; that the witnesses who may voluntarily assist in the defense will be put to great inconvenience and expense;

---

[1] Act of September 16, 1940, c. 720, §§ 1–18, 54 Stat. 885–897, as amended, 50 U.S.C.A. Appendix, §§ 301–318.

and that the matter of expense is not to be minimized when it is remembered that the plaintiff, being a veteran, is exempted by the Act under which he has brought his action from paying fees and court costs.

A special venue provision is embodied in Section 8(e) of the Act, which as far as is material here, provides: "In case any private employer fails or refuses to comply with the provisions of subsection (b) or (c), the district court of the United States for the district in which such private employer maintains a place of business shall have power * * * to specifically require such employer to comply with such provisions * * *."

The federal courts recognize the existence of the power to decline jurisdiction in exceptional circumstances. "The principle of forum non conveniens is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 842, 91 L.Ed. 1055. However, where a special venue act is invoked and the requirements of that act are met, the plaintiff's choice of a forum can not be defeated on the basis of the doctrine of forum non conveniens. Baltimore & Ohio R. R. Co. v. Kepner, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28, 136 A.L.R. 1222; Miles v Illinois C. R. Co., 315 U.S. 698, 62 S.Ct. 827, 86 L.Ed. 1129, 146 A.L.R. 1104; Nunn v. Chicago, etc. R. Co., D.C.S.D.N.Y., 71 F.Supp. 541. See also Gulf Oil Corporation v. Gilbert, supra, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055.

In the instant case, Section 8(e) of the Act, a special venue act, is involved. Although it does not give plaintiffs as great a choice of places where to institute an action as does the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.[2] it is, nonetheless, a special venue act. Therefore we have no power to exercise any discretion in the matter before us, and we must deny the defendant's motion. However, we might add by way of dictum that even if we did have the power to exer-

cise discretion in the matter, we are of the opinion that the exercise of such discretion would not be warranted under the circumstances of this case.

Motion denied.

---

[2] See Section 6 of the Act of April 22, 1908, c. 149, Sec. 6, 35 Stat. 66, as amended, 45 U.S.C.A. § 56.