In the Matter of the Arbitration between AAACON AUTO TRANSPORT, INC., Appellant, and HARRY ROSENBAUM et al., Respondents.

First Department, December 18, 1975

*Ralph J. Zola* of counsel *(Michael G. Ames* with him on the brief; *Zola & Zola,* attorneys), for appellant.

*Arthur Oxenberg* for respondents.

MURPHY, J. On or about January 7, 1974, petitioner, a domestic corporation, and respondents Dorothy and Harry Rosenbaum, residents of Colorado, entered into an agreement pursuant to which petitioner was to transport the Rosenbaum's automobile from Denver Colorado, to Palm Springs, California. The agreement (and other related documents) provided, *inter alia,* that "[d]river and shipper [owner] consent to the personal jurisdiction of New York State and Federal Courts" and that "[a]ny claim or controversy, whether founded in contract or tort, arising out of or relating to this agreement or the performance or breach thereof shall be settled by arbitration in New York City."

The Rosenbaums thereafter alleged that their vehicle had been damaged in transit and their claim was paid by their insurer respondent Ohio Casualty Insurance Co.

An action was then commenced in Colorado, presumably at the instance of the insurer subrogee, against the petitioner herein, to recover for such damage.

Contemporaneously, petitioner served all three respondents with notices of intention to arbitrate (CPLR 7503, subd [c]). No motion was thereafter made to stay the requested arbitration; and the instant proceeding was then initiated to compel arbitration and to stay respondents from proceeding with their Colorado law action. Special Term, relying on the doctrine of *forum non conveniens,* "decline[d] to accept jurisdiction" of the dispute and dismissed the petition. For the reasons hereinbelow stated, we believe such determination must be reversed.

It is undisputed that petitioner is a motor carrier licensed by the Interstate Commerce Commission to transport automo-

biles throughout the United States and that the instant case involves an agreement between the parties to transport a motor vehicle in interstate commerce.

Under such circumstance Federal—not State—law must be applied *(Adams Express Co. v Croninger,* 226 US 491; see, also, *Atchison, Topeka Ry. v Harold,* 241 US 371; *Cincinnati & Texas Pacific R. R. v Rankin,* 241 US 319; *Kansas City Southern R. R. v Van Zant,* 260 US. 459; *Matter of Rederi [Dow Chem. Co.],* 25 NY2d 576); particularly since the Carmack Amendment to the Interstate Commerce Act (US Code, tit 49, § 20, subd [11]) governs all shipper claims against interstate carriers. *(Sylgab Steel & Wire Corp. v Strickland Transp. Co.,* 270 F Supp 264.)

Under Federal law, a bill of lading agreement to arbitrate in a jurisdiction other than the one in which a shipper claimant has commenced litigation is lawful and proper. (Cf. *Indussa Corp. v S./S. Ranborg,* 377 F 2d 200; *Kurt Orban Co. v S/S Clymenia,* 318 F Supp 1387; *Aaacon Auto Transp. [Teafatiller],* 334 F Supp 1042.)

While Special Term (in a view shared by our dissenting brothers) was understandably concerned about retaining jurisdiction of a matter with little, if any, nexus with New York, under the legislative mandate of the CPLR (art 75) and the Federal Arbitration Act (US Code, tit 9, § 1 *et seq.)* it appears that we have neither the authority nor the power to refer the matter for decision to another court, particularly to a court in another State.

This conclusion follows from the fact that, under both the Federal and the New York State arbitration acts, petitioner was required to bring the instant proceeding in New York County, where any relevant issue for court determination was to be speedily tried. (CPLR 7502, 7503; US Code, tit 9, § 4; *Aaacon Auto Transp. v Ninfo,* 490 F2d 83; *Lawn v Franklin,* 328 F Supp 791.) In short, the doctrine of *forum non conveniens* does not apply where, as here, a "special venue act" is invoked. *(Baltimore & Ohio R. R. Co. v Kepner,* 314 US 44; *Industrial Y Frutera Columbiana, S. A. v The Brisk,* 195 F2d 1015; *O'Connor v Yardley Golf Club,* 79 F Supp 264.)

Finally, since a court will generally not compel one of its citizens to arbitrate in a foreign jurisdiction *(Matter of Inter-Ocean Food Prods.,* 206 App Div 426; *Continental Grain Co. v Dant & Russell,* 118 F2d 967), the referral to a Colorado court

of petitioner's claim of a right to arbitration may effectively deny it any relief whatsoever.

Accordingly, the order and judgment (one paper) of Supreme Court, New York County (FRANK, J.), entered May 5, 1975, should be reversed, on the law, with costs, and petitioner's application granted.

Settle order on notice.

NUNEZ, J. (dissenting). We would affirm. We conclude that appellant has not demonstrated that Special Term abused its discretion in refusing to accept jurisdiction of the transaction sued upon which has no relationship whatsoever with New York. The contract was executed in Colorado by Colorado residents; performance thereof was undertaken in Colorado. The Colorado court, in which an action is pending, is a more appropriate forum to deal with petitioner's claim of a right to arbitration. We see no compelling reason for our overburdened courts to accept jurisdiction in this dispute between Colorado residents. Special Term's refusal to so do is supported by sound public policy and should be upheld.

MARKEWICH, J. P., and LUPIANO, J., concur with MURPHY, J.; KUPFERMAN and NUNEZ, JJ., dissent in an opinion by NUNEZ, J.

Order and judgment (one paper), Supreme Court, New York County, entered on May 5, 1975, reversed, on the law, and petitioner's application granted. Appellant shall recover of respondents $40 costs and disbursements of this appeal.

Settle order on notice.